# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| VIAHART, LLC, | |
| Plaintiff, | **Case No. 6:19-cv-00406-JCB** |
| v. | **JURY TRIAL DEMANDED** |
| ARKVIEW, LLC d/b/a MOO TOYS and d/b/a LEXIVON, et. al., | |
| Defendants**.** | |

## DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................................... 1

II.    FACTUAL BACKGROUND ......................................................................................... 2

    A.   The Parties ............................................................................................................ 2

    B.   Plaintiff's Complaint ............................................................................................ 3

III.   PLAINTIFF HAS FAILED TO ESTABLISH THAT PLAYLEARN IS SUBJECT TO PERSONAL JURISDICTION IN THIS COURT ............................................................ 3

    A.   Playlearn Is Not Subject to Personal Jurisdiction in this Court ........................... 5

IV.   THE COMPLAINT FAILS TO STATE A CLAIM ..................................................... 7

    A.   Plaintiff's Trade Dress Infringement Claims Are Inconsistent and Contradictory (Counts IV and VI) ............................................................................................................ 8

        1. The Complaint Fails to Coherently Identify the Alleged Trade Dress .......................... 8

        2. The Complaint Fails to Allege Distinctiveness or Secondary Meaning ...................... 10

        3. The Complaint Fails to Address the Likelihood of Confusion ..................................... 10

        4. The Complaint Fails to Allege that the Asserted Trade Dress in Non-Functional ....... 10

    B.   Plaintiff's Trademark Infringement Claim Fails (Counts I and IX) ................................. 11

    C.   Plaintiff's Dilution Claims Fails Because Its Marks Are Not Famous (Counts III and V) 12

    D.   Plaintiff's Unfair Competition Claims Are Unsupported (Counts II and VIII)................ 14

    E.   Plaintiff's Copyright Claim is Deficient (Count VII) ....................................................... 14

V.   CONCLUSION ............................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aliotti v. R. Dakin & Co.*,
    831 F.2d 898 (9th Cir. 1987) ...................................................................................15

*Alzheimer's Disease & Related Disorders Ass'n v. Alzheimer's Found. of Am., Inc.*,
    307 F. Supp. 3d 260 (S.D.N.Y. 2018).....................................................................11

*Am. Eyewear, Inc. v. Peeper's Sunglasses & Accessories, Inc.*,
    106 F.Supp.2d 895 (N.D. Tex. 2000) ........................................................................5

*Amazing Spaces, Inc. v. Metro Mini Storage*,
    608 F.3d 225 (5th Cir. 2010) ...................................................................................14

*Apple Computer, Inc. v. Microsoft Corp.*,
    35 F.3d 1435 (9th Cir. 1994) ...................................................................................15

*Armour v. Knowles*,
    512 F.3d 147 (5th Cir. 2007) ...................................................................................14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).....................................................................................................7

*Bd. of Regents v. KST Elec., Ltd.*,
    550 F. Supp. 2d 657 (W.D. Tex. 2008).....................................................................13

*be2 LLC v. Ivanov*,
    642 F.3d 555 (7th Cir. 2011) .....................................................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................2, 7

*Bullion v. Gillespie*,
    895 F.2d 213 (5th Cir. 1990) .....................................................................................4

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985).....................................................................................................5

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014).....................................................................................................4

*Eppendorf-Netheler-Hinz GMBH v. Ritter GMBH*,
    289 F.3d 351 (5th Cir. 2002) .....................................................................................8

*Fernandez-Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) ...................................................................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011).................................................................................4

*Grand Time Corp. v. Watch Factory Corp.*,
   No. 3:08-CV-1770-K,
   2011 U.S. Dist. LEXIS 62533 (N.D. Tex. June 10, 2011) ......................8

*Guidecraft, Inc. v. OJCommerce, LLC*,
   Civil Action No. 2:18-CV-01247,
   2019 U.S. Dist. LEXIS 84471 (W.D. Pa. May 20, 2019)........................5

*Helicopteros Nacionales De Colombia v. Hall*,
   466 U.S. 408 (1984).................................................................................4

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945).................................................................................4

*J-L Chieftan, Inc. v. W. Skyways, Inc.*,
   351 F. Supp. 2d 587 (E.D. Tex. 2004).....................................................7

*Johnston v. Multidata Sys. Int'l Corp.*,
   523 F.3d 602 (5th Cir. 2008) ...................................................................4

*Jones v. United States Postal Serv.*,
   690 F. App'x 147 (5th Cir. 2017) .............................................................2

*Kryptek Outdoor Grp., LLC v. Salt Armour, Inc.*,
   No. 1:15-cv-348,
   2016 U.S. Dist. LEXIS 182543 (E.D. Tex. Feb. 22, 2016) ...................15

*Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*,
   783 F.3d 527 (5th Cir. 2015) .............................................................11, 14

*Nuovo Pignone, SpA v. STORMAN ASIA M/V*,
   310 F.3d 374 (5th Cir. 2002) ...................................................................5

*Opticurrent, LLC v. Power Integrations, LLC*,
   CASE NO. 2:16-CV-325-JRG,
   2016 U.S. Dist. LEXIS 194970 (E.D. Tex. Oct. 19, 2016) .....................7

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
   688 F.3d 214 (5th Cir. 2012) ...................................................................5

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
   602 F.3d 57 (2d Cir. 2010).....................................................................15

*Rosas v. Bexar Cty.*,
    No. 5:14-CV-1082-DAE,
    2015 U.S. Dist. LEXIS 55894 (W.D. Tex. Apr. 29, 2015)......................................8

*Roxtec Inc. v. WallMax S.R.L.*,
    No. H-17-2105,
    2018 U.S. Dist. LEXIS 137837 (S.D. Tex. Aug. 15, 2018)................................10

*Scott Fetzer Co. v. House of Vacuums, Inc.*,
    381 F.3d 477 (5th Cir. 2004) ......................................................................12, 14

*Southern Christian Leadership Conference v. Supreme Ct.*,
    252 F.3d 781 (5th Cir. 2001) ...............................................................................7

*Springboards to Educ., Inc. v. Scholastic Book Fairs, Inc.*,
    No. 3:17-CV-0054-B,
    2018 U.S. Dist. LEXIS 63988 (N.D. Tex. Apr. 17, 2018)..................................13

*Test Masters Educ. Servs., Inc. v. State Farm Lloyds*,
    791 F.3d 561 (5th Cir. 2015) ...............................................................................8

*Viahart, LLC v. Does*,
    No. 6:18-CV-604-RWS-KNM,
    2018 U.S. Dist. LEXIS 222341 (E.D. Tex. Dec. 7, 2018)...................................3

*Viahart, LLC v. Does*,
    No. 6:18-CV-604-RWS-KNM (E.D. Tex.) .........................................................2

*Vitamins Online v. Dynamic Industries*,
    No. 2:13-CV-665 TS,
    2014 U.S. Dist. LEXIS 17258 (D. Utah Feb. 10, 2014) .....................................6

*Wilson v. Belin*,
    20 F.3d 644 (5th Cir. 1994) .................................................................................4

*WNS, Inc. v. Farrow*,
    884 F.2d 200 (5th Cir. 1989) ...............................................................................4

*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*,
    952 F. Supp. 1119 (W.D. Pa. 1997).....................................................................5

**STATUTES AND RULES**

15 U.S.C. § 1114.............................................................................................3, 11

15 U.S.C. § 1125.......................................................................................3, 12, 13

17 U.S.C. § 501.......................................................................................................3

Fed. R. Civ. P. 12(b) .....................................................................................1, 3, 7

Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), Defendant Playlearn USA, Inc. ("Playlearn") moves this Court for an Order dismissing Plaintiff Viahart, LLC's ("Plaintiff") Original Complaint (D.I. 1, "Complaint").

## I.    INTRODUCTION

This case relates to the sale of building toys, namely sets of interlocking discs. Plaintiff has no legally protectable rights in these products. However, in an effort to stifle legitimate competition, Plaintiff has resorted to meritless litigation based on unsupportable claims and against parties that are not subject to personal jurisdiction in this Court.

Specifically, Plaintiff alleges that Playlearn has engaged in: (1) packaging trade dress infringement; (2) trademark infringement based on "search terms"; and (3) copyright infringement. But these claims include no factual support and cannot withstand dismissal. For example, Plaintiff asserts that it owns "packaging trade dress" consisting of *a "round tub" with a "yellow cap."[1]* (Compl. ¶ 21). But Plaintiff cannot keep its story straight, later alleging that its trade dress is *"a plastic tub bearing distinctive green and purple lettering."* (Compl. ¶ 73). I all events, the Complaint does not even attempt to explain how Playlearn's product, which does include these elements, could possibly infringe Plaintiff's alleged trade dress. Plaintiff's claims of trademark and copyright infringement are, likewise, devoid of any factual support.

With respect to personal jurisdiction, Plaintiff does not and cannot meet its burden to show that Playlearn has "substantial contacts" with Texas. Instead, Plaintiff contends that all fourteen of the defendants named in this suit are subject to jurisdiction in this Court simply because they transact business online. But Playlearn has never had any business presence in Texas (e.g., employees, offices, etc.) nor purposefully directed any activities in the State. As such, the

---

[1] All emphasis added unless otherwise indicated.

1

Complaint should be dismissed for lack of personal jurisdiction.

## II.    FACTUAL BACKGROUND

### A.    The Parties

Playlearn is a New York-based manufacturer and distributor of learning and educational toys under its Playlearn USA® mark ("PLAYLEARN Mark").  Playlearn products are sold on online, including through Playlearn's own e-commerce website and on Amazon.com ("Amazon").  Among other items, Playlearn has marketed and sold a set of interlocking plastic discs, which can be used to create a variety of structures.  Representative discs are shown below. No party has proprietary rights in this item, which is sold under numerous brands.



Plaintiff, like Playlearn, distributes sets of the above interlocking discs, including on Amazon. In an attempt to eliminate competition for this item, Plaintiff has engaged in questionable litigation tactics, including initiated lawsuits in multiple forums.  Most recently, Plaintiff sought an *ex parte* temporary restraining order in this Court against fifty-four online merchants. *See Viahart, LLC v. Does*, No. 6:18-CV-604-RWS-KNM (E.D. Tex.).  The Court denied that request, *inter alia*, because it had "serious concerns about whether it has personal jurisdiction over the Defendants, all of whom are allegedly located in foreign jurisdictions." *Viahart, LLC v. Does*, No. 6:18-CV-604-RWS-KNM, 2018 U.S. Dist. LEXIS 222341, at *9 (E.D. Tex. Dec. 7, 2018), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 81768 (E.D. Tex., May 15, 2019).

### B.     Plaintiff's Complaint

The Complaint purports to state claims against fourteen different defendants for: (1) trademark infringement and counterfeiting under 15 U.S.C. § 1114; (2) unfair competition under 15 U.S.C. § 1125(a); (3) trademark dilution under 15 U.S.C. § 1125(c); (4) trade dress infringement under 15 U.S.C. § 1125(a); (5) trade dress dilution under 15 U.S.C. § 1125(c); (6) trade dress infringement under common law; (7) copyright infringement under 17 U.S.C. § 501; (8) common law unfair competition; and (9) common law trademark infringement.

Each of the above Counts lumps together all fourteen defendants.  With respect to Playlearn, the Complaint includes a single paragraph that alleges as follows:

> Defendant PlayLearn USA, Inc. ("PlayLearn") willfully and knowingly sold, marketed and distributed the infringing products using the distinctive packaging trade dress and copyrighted text on Amazon. (See Exhibit 14). Further, PlayLearn infringed upon the famous BRAIN FLAKES trademark by using BRAIN  FLAKES as a search term on Amazon. . . .

(Compl. ¶ 40).   As best understood, Plaintiff contends that Playlearn has engaged in: (1) packaging trade dress infringement; (2) trademark infringement based on "search terms"; and (3) copyright infringement.  As discussed below, these conclusory allegations are unsupported by any facts and, in many cases, expressly contradicted by the Complaint itself.  All nine Counts should therefore be dismissed.

## III.   PLAINTIFF HAS FAILED TO ESTABLISH THAT PLAYLEARN IS SUBJECT TO PERSONAL JURISDICTION IN THIS COURT

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that in personam jurisdiction exists. *See Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 414 n.8 (1984). For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

When specific jurisdiction is based on online interactions via an Internet website, the Fifth Circuit follows the sliding scale adopted in *Zippo Manufacturing Co. v. Zippo Dot Com,*

4

*Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) ("*Zippo* test"). *See Am. Eyewear, Inc. v. Peeper's Sunglasses & Accessories, Inc.*, 106 F.Supp.2d 895, 900-01 & n.10 (N.D. Tex. 2000). *Zippo* requires the court to assess the level of interactivity of the defendant's website.  *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 227 (5th Cir. 2012).But, while interactivity is a significant factor in determining purposeful conduct when personal jurisdiction is based on Internet contacts, "internet-based jurisdictional claims must continue to be evaluated on a case-by-case basis, focusing on the nature and quality of online and offline contacts to demonstrate the requisite purposeful conduct that establishes personal jurisdiction." *Id*.

### A.    Playlearn Is Not Subject to Personal Jurisdiction in this Court

As an initial matter, the Complaint does not provide any specific allegations regarding Playlearn's contacts with Texas or this District.  Rather, Plaintiff broadly alleges that ***"each of the Defendants*** direct business activities toward and conduct business with consumers throughout the United States, including Texas residents …." (Compl. ¶ 16).  In other words, Plaintiff contends that any party that does business online in automatically subject to nationwide jurisdiction.  Courts applying the *Zippo* test have repeatedly rejected this same argument. *See, e.g., Guidecraft, Inc. v. OJCommerce, LLC*, Civil Action No. 2:18-CV-01247, 2019 U.S. Dist. LEXIS 84471, at *13 (W.D. Pa. May 20, 2019) (rejecting plaintiff's argument that "Defendants should be subject to jurisdiction anywhere in the United States where customers can access and purchase from the[ir] [own websites] and Amazon websites, because they profit from the wide geographic reach of the internet."); *see also Vitamins Online v. Dynamic Industries*, No. 2:13-CV-665 TS, 2014 U.S. Dist. LEXIS 17258, at *7-8 (D. Utah Feb. 10, 2014) ("If Plaintiff's argument were to be accepted, anyone who sold a product over the internet would be subject to

jurisdiction anywhere that product may have been advertised or purchased. Such a result would essentially eliminate the concept of personal jurisdiction....").

Critically, Plaintiff makes no allegations that could be construed as an action by Playlearn that ***purposefully targeted*** the State of Texas (let alone the Eastern District of Texas) or its residents.  Nor can Plaintiff make the requisite showing.  Playlearn is a New York corporation and does not have any employees, office locations, or other presence in Texas. (Newhouse Decl. ¶¶ 3-11).  Playlearn does not engage in any advertising targeted towards Texas residents, by geographically-focused online marketing or otherwise.  (*Id.* at ¶ 12).

With respect to the product at issue in this case (the interlocking discs), there were no sales of this product through Playlearn's website to a Texas resident.  (*Id.* at ¶ 15).  All sales of the Playlearn Discs made through the Amazon platform were "Fulfilled by Amazon," meaning that Amazon stored the products in Amazon's fulfillment centers, and Amazon picked, packed, shipped, and provided customer service for these products.  (*Id.* at ¶¶ 16-17).  As such, even for the few sales made to customers in Texas through Amazon, Playlearn did not ship these orders to Texas—Amazon did.  As such, Playlearn has not purposely directed any activities toward Texas or its residents. *See be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market.").

The Complaint also fails to establish that any purported contact with Texas would allow the Court to exercise jurisdiction over Playlearn in a way that comports with traditional notions of fair play and substantial justice.  Rather, it appears that Plaintiff chose to file suit in this District in order to create hardship for Playlearn, i.e., by forcing it to litigate in a distant forum. Whatever the reason for Plaintiffs' choice of venue in this action, the mere sale of products

online is insufficient to create jurisdiction as Playlearn has not aimed or directed any activities towards Texas or its residents.

For the above reasons, the Complaint should be dismissed in its entirety for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *See J-L Chieftan, Inc. v. W. Skyways, Inc.*, 351 F. Supp. 2d 587, 596 (E.D. Tex. 2004) (granting motion to dismiss where plaintiff "has not made a *prima facie* showing that any contacts [defendant] has with the State of Texas are more than sporadic, random, and fortuitous contacts of the continuous and systematic nature which should make ASSI anticipate being haled to jurisdiction in Texas courts.").

## IV.   THE COMPLAINT FAILS TO STATE A CLAIM

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Southern Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001)(quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Moreover, the Court need not accept as true allegations contradicted by other allegations within a plaintiff's own complaint.  *See Opticurrent, LLC v. Power Integrations, LLC*, CASE NO. 2:16-CV-325-JRG, 2016 U.S. Dist. LEXIS 194970, at *3 (E.D. Tex. Oct. 19, 2016) (citing *Rosas v. Bexar Cty.*, No. 5:14-CV-1082-DAE, 2015 U.S. Dist. LEXIS 55894, *10 (W.D. Tex. Apr. 29, 2015)).

A.      **Plaintiff's Trade Dress Infringement Claims Are Inconsistent and Contradictory (Counts IV and VI)**

"'Trade dress' refers to the design or packaging of a product which serves to identify the product's source." *Eppendorf-Netheler-Hinz GMBH v. Ritter GMBH*, 289 F.3d 351, 354 (5th Cir. 2002).  In order to state a claim for trade dress infringement, a plaintiff must allege facts sufficient to establish: (1) that "the trade dress is protectable, meaning it is inherently distinctive or has acquired secondary meaning"; (2) that "the defendant's trade dress creates a likelihood of confusion"; and (3) if the trade dress is not registered, that the trade dress is non-functional. *Grand Time Corp. v. Watch Factory Corp.*, No. 3:08-CV-1770-K, 2011 U.S. Dist. LEXIS 62533, at *19 (N.D. Tex. June 10, 2011).  In addition, a party alleging a trade dress claim "must identify the discrete elements of the trade dress that it wishes to protect." *Test Masters Educ. Servs., Inc. v. State Farm Lloyds*, 791 F.3d 561, 565 (5th Cir. 2015).

The Complaint fails to adequately allege any of the elements necessary to plead a claim for trade dress infringement.

1.      **The Complaint Fails to Coherently Identify the Alleged Trade Dress**

As an initial matter, Plaintiff does not identify its trade dress with specificity or consistency.  The Complaint first references "product packaging trade dress" comprising *a "yellow cap and round tub."*  (Compl. ¶ 21).  This recitation of elements is comically overbroad and would encompass everything from common mason jars, specimen cups and plastic storage bins (shown below).  The notion that the consuming public associates each of these items with Plaintiff is not supported by factual allegations and is not plausible.

| Mason Jar | Specimen Cup | Plastic Storage Bin |
|:---:|:---:|:---:|
| | | |

At a subsequent point in the Complaint, Plaintiff describes its trade dress differently—as ***"a plastic tub bearing distinctive green and purple lettering."*** (Compl. ¶ 73).  In other words, Plaintiff is suggesting that ***any*** "plastic tub" bearing its logo (which is comprised of green and purple letters) is protectable trade dress.  This contention is, likewise, unsupported by factual allegations and equally untenable.

Furthermore, the Complaint (at ¶ 23) demonstrates that Plaintiff also markets its products in a ***rectangular tub with a white/blue lid*** (shown below), further undermining Plaintiff's description of its alleged trade dress:



Plaintiff's inconsistent, imprecise and overbroad description of its alleged trade dress requires dismissal of Plaintiff's trade dress infringement claims. *See Amid, Inc. v. Medic Alert Found. United States, Inc.*, 241 F. Supp. 3d 788, 807 (S.D. Tex. 2017) (rejecting trade dress claim comprised of "inconsistently and broadly defined elements").

### 2.    The Complaint Fails to Allege Distinctiveness or Secondary Meaning

Plaintiff provides only conclusory statements with respect to distinctiveness and secondary meaning. *See, e.g.*, Compl. ¶ 73 ("Plaintiff's trade dress has acquired distinctiveness through extensive and continuous promotion and use of Plaintiff's trade dress in the United States and internationally. ... Plaintiff's trade dress became distinctive as a result of acquiring secondary meaning in the marketplace."). These statements are insufficient to withstand dismissal.

### 3.    The Complaint Fails to Address the Likelihood of Confusion

The Complaint also fails to plead facts from which the Court can infer that Playlearn's product creates a likelihood of confusion. To the contrary, the Complaint demonstrates that Playlearn's product packaging does ***not*** align with any of Plaintiff's recitations of its alleged trade dress. As shown in Exhibit 14, Playlearn's product was sold in a container with a ***blue top (not a yellow top). Nor does it bear "green and purple lettering."*** (*See* D.I. 1-16 at 2). Put simply, even if Plaintiff could establish that it has protectable trade dress (it cannot), the Complaint conclusively establishes that there is no likelihood of confusion and, therefore, no infringement.

### 4.    The Complaint Fails to Allege that the Asserted Trade Dress in Non-Functional

Finally, Plaintiff pleads no facts to establish that its alleged trade dress is non-functional. Nor can it. Plaintiff's "plastic tub" is entirely functional—it functions to store the connector

discs—and cannot serve as a trademark.  The only mention of functionality in the Complaint states in a conclusory manner that: "Plaintiff's trade dress includes unique, distinctive and non-functional packaging designs."  (Compl. ¶ 73; *see also id.* ¶¶ 79 and 87).  Plaintiff's trade dress claims should be dismissed for this reason as well. *See Roxtec Inc. v. WallMax S.R.L.*, No. H-17-2105, 2018 U.S. Dist. LEXIS 137837, at *11 (S.D. Tex. Aug. 15, 2018) (dismissing trade dress claim where "[t]he only mention of functionality in the complaint states: 'The Concentric Circle Design is not functional.'").

### B.    Plaintiff's Trademark Infringement Claim Fails (Counts I and IX)

To state a claim for trademark infringement, Plaintiff must plead sufficient facts to establish that: (1) it possesses valid trademarks, (2) Defendants used the trademark in commerce, and (3) Defendants' use of the trademarks creates a likelihood of confusion as to source, affiliation, or sponsorship. 15 U.S.C. § 1114(1); *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015).

Here, Plaintiff alleges that "PlayLearn infringed upon the famous BRAIN FLAKES trademark by using BRAIN FLAKES as a ***search term*** on Amazon." (Compl. ¶ 40).  This allegation—the sole basis for Plaintiff's trademark infringement claims—makes no technical, legal or logical sense.  In the Amazon context, a "search term" is a string words that an Amazon shopper types into a search box to find a product.  Amazon's search algorithm will then consider a wide variety of factors to display relevant products and advertisements.

Read literally, Plaintiff appears to allege that Playlearn infringed Plaintiff's trademark by conducting searches on Amazon for Plaintiff's product.  (Compl. ¶ 40).  It is not understood how this constitutes trademark infringement and such a theory is unsupported by any facts.  To the extent that Plaintiff was attempting to allege that Playlearn used Plaintiff's trademark as a "keyword" on Amazon, this too is unsupported by any facts.

11

Exhibit 14 of the Complaint includes a screenshot purporting to show that Playlearn's product appears in the results of a search for the term "brain flakes." (D.I. 1-16 at 1). But, in addition to the issues above, Plaintiff fails to plead any facts from which the Court can infer that the results of such a search created a likelihood of confusion as to source, affiliation, or sponsorship. *See Alzheimer's Disease & Related Disorders Ass'n v. Alzheimer's Found. of Am., Inc.*, 307 F. Supp. 3d 260, 287 (S.D.N.Y. 2018) ("[C]ourts have repeatedly found that the purchase of a competitor's marks as keywords alone, without additional behavior that confuses consumers, is not actionable.").

In assessing whether there is a likelihood of confusion, courts in the Fifth Circuit typically consider seven factors (known as the "digits of confusion"): "(1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers." *Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477, 484-85 (5th Cir. 2004). The Complaint does not address any of factors. As the Complaint demonstrates, Playlearn's product listing and associated photographs prominently feature the PLAYLEARN Mark (not Plaintiff's), thus, obviating any possible confusion. (D.I. 1-16 at 2).

For these reasons, Plaintiff's trademark infringement claims fail on their face and cannot be cured.

### C.    Plaintiff's Dilution Claims Fails Because Its Marks Are Not Famous (Counts III and V)

The Complaint purports to raise claims for trademark dilution and trade dress dilution, both under the Lanham Act. Under federal law, dilution claims are only available to those who

own "famous" marks. *See* 15 U.S.C. § 1125(c)(1).  Plaintiff has not plausibly alleged that its trademarks or trade dress are famous.

To determine whether a mark is famous under federal law, courts consider: "(i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties"; (ii) "The amount, volume, and geographic extent of sales of goods or services offered under the mark"; (iii) "The extent of actual recognition of the mark"; and (iv) "Whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register." 15 U.S.C. § 1125(c)(2)(A).

Federal law "restrict[s] dilution causes of action to those few ***truly famous marks like Budweiser beer, Camel cigarettes, Barbie dolls, and the like***."  *Springboards to Educ., Inc. v. Scholastic Book Fairs, Inc.*, No. 3:17-CV-0054-B, 2018 U.S. Dist. LEXIS 63988, at *8 (N.D. Tex. Apr. 17, 2018) (quoting *Bd. of Regents v. KST Elec., Ltd.*, 550 F. Supp. 2d 657, 679 (W.D. Tex. 2008)).  The federal dilution statute is "simply not intended to protect trademarks whose fame is at all in doubt." *KST Elec.*, 550 F.Supp.2d at 679. In this regard, the statute requires that the plaintiff's mark be "recognized by the general consuming public of the United States." 15 U.S.C. § 1125(c)(2)(A).  "[F]ame only in a limited geographic area or niche market will not support a federal dilution claim." *Springboards*, 2018 U.S. Dist. LEXIS 63988, at *8.

The Complaint fails to allege facts sufficient to demonstrate that Plaintiff's trademarks— VIAHART or BRAIN FLAKES—are "a household name," *KST Elec.*, 550 F.Supp.2d at 679, or that its "plastic tub" trade dress is famous.  Instead, the Complaint offers only conclusory and circular allegations regarding fame. *See, e.g.*, Compl. ¶ 62 ("Plaintiff's trademarks . . . have become recognized as famous."); ¶ 79 ("Plaintiff's trade dress has become a famous indicator of

the origin and quality of Plaintiff's manipulative construction toy packaged in a plastic tub bearing distinctive green and purple lettering.").  As admitted in the Complaint, Plaintiff's products have only been on the market for a few years, (Compl. ¶ 63), and Plaintiff fails to allege recognition by the general consuming public.

Plaintiff's dilution claims were ill conceived and should be dismissed with prejudice. *See Springboards to Educ., Inc.*, 2018 U.S. Dist. LEXIS 63988, at *12 (granting motion to dismiss with prejudice where "[plaintiff] has not alleged enough detail in its complaint to make plausible that the fame of its marks is on par with the fame of the Nike JUST DO IT mark, the BUDWEISER beer mark, or other similar marks.").

### D.     Plaintiff's Unfair Competition Claims Are Unsupported (Counts II and VIII)

Counts II and VIII of the Complaint purport to state claims for unfair competition under the Lanham Act and under common law.  Unfair competition claims under the Lanham Act and state common law are governed by the same standard as those for trademark infringement, e.g., the likelihood of confusion.  *See Scott Fetzer Co.*, 381 F.3d at 483; *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 236 n.7 (5th Cir. 2010) ("A[n] . . . unfair competition action under Texas common law presents essentially no difference in issues than those under federal trademark infringement actions." (internal quotations and citations omitted)).

Plaintiff's unfair competition claims fail for the same reasons discussed above with respect to Plaintiff's trademark infringement claims.

### E.     Plaintiff's Copyright Claim is Deficient (Count VII)

To prove copyright infringement, a plaintiff must establish "(1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007) (internal citations omitted).  To assess substantial similarity "a side-by-side comparison must be made between the original and the copy to determine whether a layman

would view the two works as 'substantially similar.'" *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 550 (5th Cir. 2015) (internal citations and quotations omitted). "[T]he first step is to distinguish between protectable and unprotectable elements of the copyrighted work." *Nola Spice*, 783 F.3d at 550. The second step is to determine "whether the allegedly infringing work bears a substantial similarity to the protectable aspects of the original work." *Nola Spice*, 783 F.3d at 550.

Plaintiff has failed to identify the purportedly protectable elements of its work(s) or attempt a side-by-side comparison with Playlearn's works and therefore has not pled sufficient facts that, taken as true, establish the "substantial similarity" element of copyright infringement. Plaintiff's vague reference to "copyrighted text" is insufficient to allow the Court to distinguish between protectable and unprotectable materials. *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir. 1994) (a court must distinguish between the protectable and unprotectable material because a party claiming infringement may place "'no reliance upon any similarity in expression resulting from' unprotectible elements.") (quoting *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir. 1987)); *see also Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 69 (2d Cir. 2010) ("[B]ecause plaintiffs have failed to allege that a substantial similarity exists between defendants' work and the protectible elements of plaintiffs', the district court properly dismissed plaintiffs' federal copyright claim.").

For at least these reasons, Plaintiff's copyright infringement claim should be dismissed. *See Kryptek Outdoor Grp., LLC v. Salt Armour, Inc.*, No. 1:15-cv-348, 2016 U.S. Dist. LEXIS 182543, at *7 (E.D. Tex. Feb. 22, 2016) ("Kryptek has failed to identify the protectable elements of its works or attempt a side-by-side comparison with Defendant's works and therefore has not

pled sufficient facts that, taken as true, establish the 'substantial similarity' element of copyright infringement.").

## V.    CONCLUSION

For the reasons set forth above, the Complaint should be dismissed in its entirety.


Dated: October 15, 2019                              Respectfully submitted,


                                                     /s/ Debby Gunter
                                                     Debby Gunter (State Bar No. 24012752)
                                                     Eric H. Findlay (State Bar No. 00789886)
                                                     Findlay Craft, P.C.
                                                     102 N. College Avenue - Suite 900
                                                     Tyler, TX  75702
                                                     Tel: (903) 534-1100
                                                     Fax: (903) 534-1137
                                                     dgunter@findlaycraft.com
                                                     efindlay@findlaycraft.com

                                                     Mark Berkowitz (*Admission Pro Hac Vice to be filed*)
                                                     AMSTER ROTHSTEIN & EBENSTEIN LLP
                                                     90 Park Avenue
                                                     New York, NY 10016
                                                     (212) 336-8000
                                                     mberkowitz@arelaw.com

                                                     **Attorneys for Defendant Playlearn USA, Inc.**


## CERTIFICATE OF SERVICE

This is to certify that on October 15, 2019, all counsel of record were served with the foregoing document *via* CM/ECF and electronic mail.

                                                     /s/ Debby Gunter
                                                     Debby Gunter


16