## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **VIAHART, LLC** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Cause No. 6:19-cv-00406-JCB** |
| | § | |
| **ARKVIEW, LLC d/b/a MOO TOYS and** | § | |
| **d/b/a LEXIVON, et al.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendants.* | § | |

---

## PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT

---

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................ 4

ARGUMENTS AND AUTHORITIES ........................................................................................... 6

   THIS COURT MAY PROPERLY EXERCISE PERSONAL JURISDICTION OVER PLAYLEARN ..................... 6

     *Legal Standard* ............................................................................................................ 7

     *Alternatively, the Court Should Order Jurisdictional Discovery* ......................................... 13

THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF MAY BE GRANTED ........................ 14

CONCLUSION ........................................................................................................................... 20

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

# TABLE OF AUTHORITIES

### CASES

*Allied Interstate LLC v. Kimmel & Silverman P.C.*, No. 12 CIV. 4204 LTS SN, 2013 U.S. Dist. LEXIS 113465, 2013 WL 4245987, at *6 (S.D.N.Y. Aug. 12, 2013) --------------------------------------------------------------------------18

*Alzheimer's Disease & Related Disorders Ass'n v. Alzheimer's Found. Of Am., Inc.*, 307 F. Supp. 3d 260, 287 (S.D.N.Y. 2018).------------------------------------------------------------------------------------------------------------------18

*American Eyewear, Inc. v. Peeper's Sunglasses & Accessories, Inc.*, 106 F. Supp. 2d 895, 903, 2000 U.S. Dist. LEXIS 6875, *23. --------------------------------------------------------------------------------------------------------------12

*Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)----------------------------------------------13

*Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 766 (2d Cir. 1991).----------------------------------------------17

*Grand Time Corp. v. Watch Factory Corp.*, No. 3:08-CV-1770-K, 2011 U.S. Dist. LEXIS 62533, at *19 (N.D. Tex. June 10, 2011).------------------------------------------------------------------------------------------------------------------------14

*Guidecraft, Inc. v. OJCommerce, LLC*, Civil Action No. 2:18-CV-01247, 2019 U.S. Dist. LEXIS 84471 (W.D. Pa., May 20, 2019 ----------------------------------------------------------------------------------------------------------------------------- 8

*Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). ---------------------------------------------------- 7

*Huynh v. Zurno, Inc.*, 2019 U.S. Dist. LEXIS 20861----------------------------------------------------------------------12

*Huynh v. Zurno, Inc.*, 2019 U.S. Dist. LEXIS 20861, *14-15. -----------------------------------------------------------13

*Huynh v. Zurno, Inc.*, 2019 U.S. Dist. LEXIS 20861, *4-5 ---------------------------------------------------------------11

*Huynh v. Zurno, Inc.*, 2019 U.S. Dist. LEXIS 20861, *4-5.---------------------------------------------------------------- 7

*Id.* at *6-7 -----------------------------------------------------------------------------------------------------------------------11

*Johnston v. MultidataSyst. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).---------------------------------------------- 7

Lloyd's Syndicate 457, 2018 U.S. Dist. LEXIS 177839, 2018 WL 5014188, at * 15 -------------------------------------13

*Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d465, 473 (5th Cir. 2006). -----------------------------------------------11

Manzarek v. St. Paul Fire & Marine Ins. Co.,----------------------------------------------------------------------------------16

*Milo & Gabby LLC v. Amazon.com, Inc.*, 693 Fed. Appx. 879, 886-887, 2017 U.S. App. LEXIS 8932, *16-18, Copy. L. Rep. (CCH) P31,102, 92 U.C.C. Rep. Serv. 2d (*Callaghan*) 895, 2017 WL 2258605. ------------------------------------10

*Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 395 (5th Cir. 2009). ----------------------------------------------------------- 7

*PetEdge, Inc. v. Fortress Secure Solutions, LLC*, 144 F. Supp. 3d 249, 258, 2015 U.S. Dist. LEXIS 155254, *21-22. ----10

*Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477, 484-85 (5th Cir. 2004). ----------------------------------13

*Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000). ---------------------------------- 7, 11

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3rd Cir. 2003) ------------------------------------------------13

*TSI Prods. v. Armor ALL/STP Prods. Co.*, 2019 U.S. Dist. LEXIS 161795, *17-18, 2019 U.S.P.Q.2D (BNA) 356608, 2019 WL 4600310.----------------------------------------------------------------------------------------------------------------18, 19

*Virgin Enters., Ltd. v. Virgin Petroleum, Inc.*, 2000 U.S. Dist. LEXIS 8100, *15. -----------------------------------19

*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.* 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).------------------------- 8, 10

### RULES

12(b)(6) ------------------------------------------------------------------------------------------------------------------------------ 4

Fed. R. Civ. P. 12(b)(2-------------------------------------------------------------------------------------------------------------- 4

FED. R. CIV. P. 12(b)(2-------------------------------------------------------------------------------------------------------------- 7

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), Plaintiff Viahart, LLC ("Viahart" or "Plaintiff") files this its Response in Opposition to Defendant Playlearn USA, Inc.'s ("Playlearn" or "Defendant") Motion to Dismiss Plaintiff's Complaint ("Motion") (Dkt. No. 11).

## **INTRODUCTION**

Viahart asserted in the Introduction of its Original Complaint (Dkt. No. 1, ¶ 18) a summary of the bases for its claims as follows: "Viahart files this Action to stem the tide of online counterfeiting of Viahart's valuable trademarks, "VIAHART" and "BRAIN FLAKES," and protect its valuable trade dress and copyrights." Thus, Playlearn's allegations that Viahart has claimed rights in the product itself have no basis in fact, as there are no patent claims in its Original Complaint (Dkt. No. 1). Playlearn also fails to provide any credible evidence that this litigation is meritless or that its claims are unsupportable.

Clearly Playlearn does not like the fact that it has been caught red-handed in wrongly using Viahart's valuable Trademark BRAIN FLAKES in its key terms that resulted in Playlearn being designated as "Amazon's Choice for "*Brain Flakes*" evidenced in Exhibit 14 of the Complaint (Dkt. No. 1-16, Exhibit 14, page ID # 120 and 122), which benefited Playlearn in *unfairly* competing with Viahart. Moreover, Playlearn complains that Viahart did not explain thoroughly enough that Playlearn substantially copied Viahart's copyrighted product description (Dkt. No. 1-16, page ID# 123 (bottom paragraph)) and that somehow this should absolve it for its liability for essentially copying Viahart's original copyrighted text. Viahart's Complaint included as Exhibit 1 thereto, Viahart's Certificate of Registration issued by the U.S. Copyright Office for the copyrighted text that Playlearn substantially copied (Dkt. No. 1-3, Page ID # 40). Viahart does not express any claims to ideas or concepts that is not copyrightable. Further, the

4

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

fact that Playlearn substantially copied the description of Viahart's BRAIN FLAKES' product is evidence of not only copyright infringement but unfair competition, especially when combined with Playlearn's brazen use of the key term BRAIN FLAKES in its key terms so much so that it was rewarded with the designation of "Amazon's Choice for BRAIN FLAKES."

Playlearn further argues that Viahart's trade dress assertions that Viahart "cannot get its story straight" in comparing paragraph 21 and paragraph 73 of the Complaint (Dkt. No. 1 ¶¶ 21 and 73 and Dkt. No. 11 ¶ 3). However, there is no reference in paragraph 21 of the Complaint to trade dress allegations, as this paragraph refers to the famousness of the BRAIN FLAKES trademark (*Id*). It is not clear where Playlearn found the language that it cited but Playlearn ignored the language clearly set forth in paragraph 23 of the Complaint relating to Viahart's trade dress allegations that states in pertinent part as follows:

> The BRAIN FLAKES product packaging is distinctive trade dress, *including the yellow cap and round tub*. On the *front of the package, the BRAIN FLAKES brand name is prominently featured in green and purple lettering bearing a red rectangle set against a white background with two clusters of three (3) different sized construction pieces depicted thereon along with an image of a tree constructed* with the BRAIN FLAKES branded colorful construction pieces as depicted below and as attached in relevant exhibits. The *back of the package bears a ribbon shaped banner with three horizontally displayed circled examples of use of the construction pieces.*

(Dkt. No. 1, ¶ 23).

Next, Playlearn claims that Defendant does not have personal jurisdiction over "all fourteen of the defendants [] simply because they transact business online." However, this is not Viahart's assertion in its Complaint (Dkt. No. 1 ¶ 16). Playlearn further argues that Plaintiff has not shown that Playlearn has "substantial contacts" with Texas and that it did not "purposefully

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

direct[] any activities in the State." In the Declaration of Gabriel Newhouse attached in support of Playlearn's Motion, Playlearn admits that it sells products to Texas residents but does so through Amazon's fulfillment centers (Dkt. No. 11-2 ¶¶ 16-17). Playlearn further alleges in conclusory fashion that it has not made any sales to Texas residents from its interactive e-commerce website but provides no evidence to support this allegation (*Id.*). However, Viahart will show in this Response that Playlearn cannot place the blame on Amazon, as Amazon is not the source of the goods but is merely an agent acting on behalf of the Amazon seller at issue, which is Playlearn in this case. Amazon merely stores Playlearn's products (personal property) and then ships the products out when Playlearn makes a sale resulting from Playlearn's advertisements and marketing, including its designation as "Amazon's Choice for BRAIN FLAKES." Thus, Playlearn's claims that it "[]does not own any [] personal property in Texas" and "[] does not have any [] agents or representatives in Texas" is not correct, (*See Id.* at ¶ 5, 9) as Playlearn owns the property that is stored at Amazon's fulfillment centers for distribution. There are numerous Amazon warehouses in Texas where sellers store their products to facilitate Amazon's fulfillment of product orders. Accordingly, Viahart has shown in its Complaint and further establishes through arguments set forth in more detail in this Response that this Court has personal jurisdiction over Defendant Playlearn. While, Playlearn attempts to make its Personal Jurisdiction objection about "all fourteen of the defendants []," Viahart will address only the relevant facts as they relate to Playlearn in this Response.

## <u>ARGUMENTS AND AUTHORITIES</u>

**THIS COURT MAY PROPERLY EXERCISE PERSONAL JURISDICTION OVER PLAYLEARN**

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

This Court may properly exercise personal jurisdiction over Playlearn for the reasons set forth in Plaintiff's Original Complaint (Dkt. No. 1 ¶ 16) and for the reasons set forth herein.

### *Legal Standard.*

> A defendant may challenge a court's jurisdiction over his person by moving for dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 12(b)(2); *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 395 (5th Cir. 2009). If a defendant does so, the plaintiff bears the burden to show that the court has jurisdiction over the defendant. *Johnston v. MultidataSyst. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008). Unless the court holds an evidentiary hearing, the plaintiff need only establish a prima facie case of jurisdiction. See [*5] *Id.*

> A prima facie showing of personal jurisdiction may be established by the pleadings, depositions, affidavits, or exhibits of record. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). The court must accept as true the uncontroverted allegations in the complaint and resolve any factual conflicts in favor of the plaintiff. *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000). [1]

Playlearn only references a small portion of Plaintiff's jurisdictional statement in its Motion and then argues that the Court should consider this language as a basis to conclude that "Plaintiff contends that any party that does business online is[*sic*] automatically subject to nationwide jurisdiction." However, if the Court considers Plaintiff's full jurisdictional statement, it is unlikely to conclude that Plaintiff is making such an argument. Specifically, Plaintiff referred to the act of *directing* business activity toward and conducting business with Texas residents and also stated that the "Internet Stores" are *interactive*. Thus, the *Guidecraft* case that Playlearn cites is distinguishable for this reason and is further distinguishable, because the

---

[1] *Huynh v. Zurno, Inc.,* 2019 U.S. Dist. LEXIS 20861, *4-5.

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

*Guidecraft* case does not involve Amazon fulfillment, which is the case here.[2] Moreover, *Guidecraft*, is distinguishable, because both the Plaintiff and Defendant were not present in the State where the case was brought.[3] Accordingly, this case is not applicable to support Plaintiff's position and should not be considered by the Court in its personal jurisdiction analysis.

   Playlearn refers to the sliding scale adopted in the *Zippo* case "requir[ing] the Court to assess the level of *interactivity* of the defendant's website" and never mentions the fact that Plaintiff referred to the *interactivity* of the Internet Stores.[4] Instead, Playlearn gives short shrift to the *Zippo* test for interactive websites and fails to apply the test to the facts at issue with respect to Playlearn's interactive website and Playlearn's sales made by and through Amazon's interactive website, which Amazon fulfills on behalf of Plaintiff through its fulfillment centers, many of which are located in Texas.[5] Instead, Playlearn cites cases that it alleges are applicable to the present case. However, Playlearn misses its mark for the reasons stated herein. Playlearn essentially alleges that because Amazon fulfills Playlearn's product orders and ships the products to the purchasing party that it does not have sufficient minimum contacts with Texas and that it is not directing any advertising, marketing or business toward the residents of Texas. However, Playlearn fails to cite any cases that support this specific fact scenario and Playlearn does not explain the Amazon fulfillment program. Amazon's fulfillment of the Amazon seller's (Playlearn's) orders does not mean that Playlearn is not purposefully directing advertising, marketing and business toward Texas residents. In fact, Amazon simply acts as

---

[2] *Guidecreaft, Inc. v. OJCommerce, LLC*, Civil Action No. 2:18-CV-01247, 2019 U.S. Dist. LEXIS 84471 (W.D. Pa., May 20, 2019).
[3] *Id.*
[4] *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.* 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).
[5] *Id.*

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

Playlearn's agent in processing, packaging and shipping Playlearn's products to Texas residents

and since Amazon has fulfillment centers in Texas, they are likely shipped from Amazon

fulfillment centers located in Texas. See Amazon fulfillment centers in Texas,

https://selleressentials.com/amazon/amazon-fulfillment-center-locations/

and

https://www.dallasnews.com/business/retail/2017/03/30/amazon-to-open-10th-fulfillment-center-in-texas-but-this-one-won-t-bring-jobs-to-d-fw/ .

In fact, in a case that examined the potential liability of Amazon for actions of an

Amazon seller, the Court found that Amazon was not liable, but instead, the seller was liable,

because Amazon was not the seller but effectively was only an agent of the seller. Specifically,

the Court found as follows:

> Turning first to FAC System's use of Amazon's fulfillment service, we see no difference in Amazon's status in that context. Though *FAC System shipped its product to an Amazon warehouse for storage and Amazon boxed up and shipped the product when a sale was consummated on the website, Amazon never held title to the accused products.* See J.A. [**17]  2163-64. *Amazon therefore could not sell the product on its own, even if done on behalf of the third-party seller.* J.A. 2164. The third-party seller also could request that Amazon return the product to the third-party seller at any time. J.A. 2163.
>
> Amazon, moreover, did not control what information or pictures were put on the product-detail page, nor did it control the price for which the product was sold. See J.A. 2136-46; J.A. 2159-61. FAC System, or other third-party sellers as applicable to their products, controlled these details at all times. *See id*. Amazon, therefore, was not responsible for the actual listing of the product for sale, consummating the sale, or [*887] transferring title. Instead, Amazon *merely provided an online marketplace* that third-party *sellers could use to sell their* products *and* then, in some instances when the *third-party sellers used the additional Amazon services, shipped the products* to the final destination. Thus, while Amazon's services

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

made it easier for third parties to consummate a sale, the *third parties remained the sellers*.[6]

Here, as in the *Milo & Gabby* case, Playlearn must have shipped the products to Amazon for Amazon to ship the products to the end consumer and because title never transferred to Amazon, Playlearn remained the owner and controlled all sales activity, including information or pictures on its product detail page. Accordingly, Playlearn cannot hide behind Amazon in asserting that it did not direct any advertising, marketing or business toward Texas residents. In another infringement case involving an Amazon seller like Playlearn in which the defendant made largely the same assertions of no minimum contacts with the State, the Court found that because the seller communicated with the State's residents by selling products through the Amazon marketplace, defendant had sufficient minimum contacts to establish specific jurisdiction over it.[7]

> Here, and unlike the defendant in 3D Systems, Fortress both advertised its allegedly infringing product [**22] to Massachusetts residents and sold its product in the forum. Furthermore, Fortress's advertisements through online retailers surely communicated to prospective Massachusetts buyers both a description of the product and a price at which it could be purchased. Whenever Massachusetts Internet shoppers searched for "Pet Studio ramp steps" on Amazon.com, Fortress's allegedly infringing product appeared alongside——and at a lower price than——PetEdge's patented product. (See Katz Decl. Ex. 1).[8]

---

[6] *Milo & Gabby LLC v. Amazon.com, Inc.*, 693 Fed. Appx. 879, 886-887, 2017 U.S. App. LEXIS 8932, *16-18, Copy. L. Rep. (CCH) P31,102, 92 U.C.C. Rep. Serv. 2d (*Callaghan*) 895, 2017 WL 2258605.
[7] *PetEdge, Inc. v. Fortress Secure Solutions, LLC*, 144 F. Supp. 3d 249, 258, 2015 U.S. Dist. LEXIS 155254, *21-22.
[8] *Id.*

10

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

Accordingly, because Playlearn has not controverted the Plaintiff's allegations of personal jurisdiction over Playlearn in the Complaint, the Court should accept as true Plaintiff's allegations and resolve any factual conflicts in favor of Plaintiff.[9] Also, because Playlearn could not reasonably argue that the Amazon marketplace and/or Playlearn's own interactive website on which customers may purchase products do not satisfy the *Zippo* interactivity test, the Court should find that this Court may properly exercise personal jurisdiction over Playlearn.

Under the second prong of the Constitutional Due Process analysis, Courts must consider whether haling a defendant into the jurisdiction is fair. While, Playlearn does not reference the test for fairness, Plaintiff will examine the factors set forth by the 5th Circuit.

> Under the second prong, the "fundamental fairness" requirement, a court considers several factors to decide whether the exercise of jurisdiction comports with traditional notions of fairness and substantial justice. The factors to be examined include: (1) the burden on the nonresident defendant to defend itself in the forum; (2) the interests of the forum state; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental social [*7] policies. [10]

(1) Here, the burden on the nonresident defendant to defend itself in the forum is not overly burdensome, as Playlearn has local counsel, the filings and discovery that will be conducted in this case will likely be remotely conducted due to the ease of access to technology. (2) The interests of the forum state are great, because Playlearn admits that it has sold products to

---

[9] *Huynh v. Zurno, Inc.,* 2019 U.S. Dist. LEXIS 20861, *4-5 citing *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000).
[10] *Id.* at *6-7 citing *Luv N' care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d465, 473 (5th Cir. 2006).

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

Texas residents (although Playlearn claims that they are few but has failed to provide evidence to support this assertion) and as such, it is in the interest of Texas to protect its residents or citizens from the infringing activity Playlearn has knowingly engaged in and the Plaintiff is located in Texas and has been harmed by Playlearn's wrongful activity. (3) Plaintiff has a great interest in being able to obtain convenient and effective relief by bringing this suit in Texas and not in another state, as there are so many infringers that it would be too costly and burdensome for Plaintiff to chase down every infringer. While, Playlearn asserts that Plaintiff was trying to harass them, it fails to cite any evidence to support this allegation. (4) The judicial system has the same interest as Plaintiff in efficient resolution of controversies. (5) Texas' shared interest in furthering fundamental social policies is to deter infringers from engaging in infringement against its residents and causing confusion in the marketplace. Accordingly, for these reasons and for the reasons set forth in the *Huynh* case, it is fair for Playlearn to be haled into Court in this jurisdiction and as such, this Court may properly exercise personal jurisdiction over Playlearn comporting with the requirements of Due Process.[11]

Playlearn also appears to assert that it could not have anticipated that it would be haled into a Texas Court but Playlearn knew or reasonably should have anticipated that it could be haled into Court in Texas when it knowingly copied Plaintiff's copyrighted product description and wrongfully used Plaintiff's trademark BRAIN FLAKES in its Amazon key terms, which resulted in benefiting Playlearn. In a similar case, the Court found that the defendant should have foreseen being haled into the Court for infringing activity.[12]

---

[11] *Huynh v. Zurno, Inc.*, 2019 U.S. Dist. LEXIS 20861
[12] *American Eyewear, Inc. v. Peeper's Sunglasses & Accessories, Inc.*, 106 F. Supp. 2d 895, 903, 2000 U.S. Dist. LEXIS 6875, *23.

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

### *Alternatively, the Court Should Order Jurisdictional Discovery*

Playlearn provided conclusory statements asserting that it made sales to Texas residents but those sales were made by Amazon. For the reasons explained herein, Amazon does not make the sales or establish contacts with Playlearn's customers but only Playlearn has established those contacts through advertising, marketing and selling products using Amazon's services. If the Court is not satisfied that Plaintiff has established that Defendant Playlearn has sufficient minimum contacts with Texas to satisfy the Constitutional Due Process requirements, then Plaintiff respectfully requests that the Court Order that Plaintiff be authorized to conduct discovery related to Playlearn's contacts and sales with the State of Texas. Here, Plaintiff has made at least a preliminary showing of jurisdiction based on the admission of Defendant that it made sales to Texas residents (Dkt. No. 11-2 ¶¶ 16-17) and even sold a product to Plaintiff (Dkt. No. 1-16, page ID#s 121-122). Thus, the Court should order jurisdictional discovery be conducted if the Court finds that Playlearn's Motion raised fact issues as the Court ordered in the *Huynh* case.[13]

> Discovery on matters of personal jurisdiction is not necessary unless the motion to dismiss raises fact issues. *Lloyd's Syndicate* 457, 2018 U.S. Dist. LEXIS 177839, 2018 WL 5014188, at * 15. When seeking jurisdictional discovery, a plaintiff must make a "preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3rd Cir. 2003) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts [*15] . . . the plaintiff's right to conduct jurisdictional discovery should be sustained.").[14]

---

[13] *Huynh v. Zurno, Inc.*, 2019 U.S. Dist. LEXIS 20861, *14-15.
[14] *Id.; Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477, 484-85 (5th Cir. 2004).

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

## THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Playlearn alleges that Viahart fails to state a claim and argues that Plaintiff's claims are conclusory. However, Playlearn looks to cases involving Motions for Summary Judgment, rather than Motions to Dismiss (Dkt. No. 11, page ID# 229 ¶ 1). [15]Further, Playlearn fails to address the standard for Motions to Dismiss and Plaintiff's right to amend its Complaint to avoid overly harsh outcomes. None of Plaintiff's claims are so confusing or without evidence that a Motion to Dismiss for Failure to State a Claim is warranted. In fact, no other Defendant has objected or filed a similar Motion to Dismiss.

Playlearn asserts that Plaintiff failed to adequately identify the "discrete elements of the trade dress that it wishes to protect." However, Playlearn dismisses and disregards Plaintiff's identification of the trade dress at issue that is contained in Plaintiff's Complaint (Dkt. No. 1 ¶ 23). Specifically, Plaintiff stated as follows and included a picture of the product at issue below this paragraph:

> The BRAIN FLAKES product packaging is distinctive trade dress, *including the yellow cap and round tub*. On the *front of the package, the BRAIN FLAKES brand name is prominently featured in green and purple lettering bearing a red rectangle set against a white background with two clusters of three (3) different sized construction pieces depicted thereon along with an image of a tree constructed* with the BRAIN FLAKES branded colorful construction pieces as depicted below and as attached in relevant exhibits. The *back of the package bears a ribbon shaped banner with three horizontally displayed circled examples of use of the construction pieces.*

(Dkt. No. 1, ¶ 23).

---

[15] *Grand Time Corp. v. Watch Factory Corp.*, No. 3:08-CV-1770-K, 2011 U.S. Dist. LEXIS 62533, at *19 (N.D. Tex. June 10, 2011).

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

Playlearn's objections do not appear to be directed at the correct paragraph of the Complaint, as it references Dkt. No. 1, ¶ 21 numerous times in referencing Plaintiff's trade dress description. Paragraph 21 of the Complaint does not reference Plaintiff's trade dress description but refers to evidence supporting Plaintiff's claim that the trademark BRAIN FLAKES is famous. Further, Playlearn references evidence outside the pleadings by presenting imagery that was not a part of the Complaint (Dkt. No. 11, page ID #230 ¶ 1) and the Court should disregard. Playlearn objects to the inclusion of the larger container featured in Plaintiff's attached image; however, any reasonable examination of the description alongside the image should put Playlearn on notice that it is referring to the round tub that is included in this image and should not be confusing. Further, nearly all of the evidence attached in each exhibit attached to the Complaint features this same round tub. Also, Playlearn objects to ¶ 73, which identifies the Trade Dress claim under 15 U.S.C. § 1125(a) and in ¶ 71, Plaintiff "repeat[ed] the allegations above as if fully set forth herein."  Accordingly, Playlearn's objection appears to be an exercise for Plaintiff to spend time and money answering, rather than attempting to move forward with its defense of the legitimate claims against Playlearn.

Plaintiff has not amended its Complaint yet and if the Court finds that it is necessary, Plaintiff will amend to clarify the facts and allegations set forth in its Complaint. An amendment would not be futile, because Playlearn's objections are simply allegations that they do not understand the claims for whatever reason or that Plaintiff failed to provide a side-by-side comparison for its copyright claims. All of these issues can be examined during the case and ultimately at a Motion for Summary Judgment stage, rather than at this early stage in the litigation. If the Court finds that Plaintiff's Complaint requires further explanation to put

PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT

Playlearn on notice of its claims, then Plaintiff respectfully requests that the Court grant leave to amend its Complaint. "Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).[16]

Here, Playlearn argues that there was no side-by-side comparison for copyright infringement claims but cannot assert that Playlearn did not substantially copy Plaintiff's copyrighted text or unfairly compete with Plaintiff by copying Plaintiff's product description or infringe Plaintiff's trademark by using the key term BRAIN FLAKES to get favorable treatment from Amazon and cause confusion. Accordingly, this case is not similar to the cases cited by Plaintiff, as there is a clear basis to bring this lawsuit against Playlearn for the reasons stated in Plaintiff's Complaint. The case cited for dismissing a copyright infringement involved a claim that showed that there was no similarity. Here, the text of the copyrighted product description is included in Exhibit 1 and can be compared with the language that Playlearn substantially copied from Plaintiff's product description. There is originality in this language and Plaintiff does not make claims to any language that is not protectable. This is a fact to be determined by a fact finder at a later stage of litigation and this is too early to determine which portions of the copyrighted text are original.

> These same principles hold true when a defendant raises the question of substantial similarity at the pleadings stage on a motion to dismiss. It is well settled that HN12 in ruling on such [***1359] a motion, a district court may consider "the facts as asserted within the four corners of the complaint" together with "the documents

---

[16] *Unilin Beheer B.V. v. Tropical Flooring*, 2014 U.S. Dist. LEXIS 85955, *6, 2014 WL 2795360.

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007). HN13 In copyright infringement actions, "the works themselves supersede and control contrary descriptions of them," Walker, 784 F.2d at 52, [**16] including "any contrary allegations, conclusions or descriptions of the works contained in the pleadings." 3-12 Nimmer on Copyright § 12.10. See *Walker v. Time Life Films, Inc.,* 615 F. Supp. 430, 434 (S.D.N.Y. 1985); *Shipman v. R.K.O. Radio Pictures, Inc.,* 20 F. Supp. 249, 249 (S.D.N.Y. 1937). When a court is called upon to consider whether the works are substantially similar, no discovery or fact-finding is typically necessary, because "what is required is only a visual comparison of the works."[17]

Clearly Playlearn does not like the fact that it has been caught red-handed in wrongly using Viahart's valuable Trademark BRAIN FLAKES in its key terms that resulted in Playlearn being designated as "Amazon's Choice for "*Brain Flakes*"" evidenced in Exhibit 14 of the Complaint (Dkt. No. 1-16, Exhibit 14, page ID # 120 and 122), which benefited Playlearn in *unfairly* competing with Viahart and causing confusion. Moreover, Playlearn complains that Viahart did not explain thoroughly enough that Playlearn substantially copied Viahart's copyrighted product description (Dkt. No. 1-16, page ID# 123 (bottom paragraph)) and that somehow this should absolve it for its liability for essentially copying Viahart's original copyrighted text. Viahart's Complaint included as Exhibit 1 thereto, Viahart's Certificate of Registration issued by the U.S. Copyright Office for the copyrighted text that Playlearn substantially copied (Dkt. No. 1-3, Page ID # 40). Viahart does not express any claims to ideas or concepts that is not copyrightable. Further, the fact that Playlearn substantially copied the description of Viahart's BRAIN FLAKES' product is evidence of not only copyright

---

[17] *Folio Impressions, Inc. v. Byer Cal.,* 937 F.2d 759, 766 (2d Cir. 1991).

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

infringement but unfair competition, especially when combined with Playlearn's brazen use of the key term BRAIN FLAKES in its key terms so much so that it was rewarded with the designation of "Amazon's Choice for BRAIN FLAKES." This is likely to cause confusion and has caused actual confusion even by Amazon when it designated Playlearn as Amazon's Choice for BRAIN FLAKES.

Playlearn further alleges that Plaintiff's allegations of trademark infringement of keywords, which may have been referenced as "search terms" but in the link provided, it clearly states that this is a keyword. Playlearn alleges that without more than a keyword, it can't be unfair competition and then fails to reference the fact that Playlearn copied substantially Plaintiff's product description. Clearly, Playlearn engaged in "additional behavior that confuses consumers".[18] Further, in the cases cited by Playlearn concerning keywords refer to Google or other search engine searches, not Amazon's unique algorithms used in its marketplace. Such cases, including *Alzheimer's* are distinguishable, as the Courts did not find a likelihood of confusion but other Courts have found that use of keywords can be likely to cause confusion.[19]

> Armor All also argues that its advertisement is a clear example of "comparative advertising," which courts have found to be unlikely to confuse. In the examples Armor All cites, courts found that advertisements stating "Try Pepsi — It is Better than Coca-Cola" or "Stop Collection Calls—is Allied Interstate Calling You" were unlikely to confuse consumers as to the advertisement's source. *Alzheimer's*, 307 F. Supp. 3d at 287 (noting that a "consumer searching for 'Coca-Cola' may have been diverted, but she has not been confused or misled"); *Allied Interstate LLC v. Kimmel & Silverman P.C.*, No. 12 CIV. 4204 LTS SN, 2013 U.S. Dist. LEXIS 113465, 2013 WL 4245987, at *6 (S.D.N.Y. Aug. 12, 2013)

---

[18] *Alzheimer's Disease & Related Disorders Ass'n v. Alzheimer's Found. Of Am., Inc.*, 307 F. Supp. 3d 260, 287 (S.D.N.Y. 2018).
[19] *TSI Prods. v. Armor ALL/STP Prods. Co.*, 2019 U.S. Dist. LEXIS 161795, *17-18, 2019 U.S.P.Q.2D (BNA) 356608, 2019 WL 4600310.

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

("Defendants are plainly soliciting complaints about Plaintiff's services and inviting searchers and visitors to Defendants' website to consider suing the Plaintiff."). Comparative advertisements like these examples "facially disassociate[]" the defendant advertiser from the plaintiff's trademark. *Allied Interstate*, 2013 U.S. Dist. LEXIS 113465, 2013 WL 4245987, at *6. That is not the case in Armor All's advertisement, which makes [*18] no clear distinction between the terms "AC Avalanche" and "A/C Pro." SAC, ECF No. 96 ¶ 152. The overall context makes it plausible that the hyphen implies association rather than disassociation. Armor All's motion to dismiss is therefore denied with respect to Count One of the Second Amended Complaint.[20]

Plaintiff's trademark registration is prima facie evidence that it is valid and protectable. "Under 15 U.S.C. § 1115(a), the fact that a party holds a valid federal trademark registration constitutes prima facie evidence of its ownership of the mark, and of its exclusive right to use the mark in commerce in connection with the goods or services specified in the registration."[21]

In fact, in this case, Plaintiff's trademark registration is so strong that it has no disclaimers. The trademark registration attached to Plaintiff's Complaint as Exhibit 2 shows that Plaintiff has rights to the Mark and has no limitations.  Playlearn appears to be looking for magical words but the Complaint sufficiently puts Playlearn on notice as to Plaintiff's claims in this lawsuit and Playlearn's Motion appears to be nothing more than harassing. For Plaintiff to be required to explain its reasonably clearly stated causes of action and facts supporting its causes of action is more than is required by the Federal Rules. In fact, Playlearn objects to the famousness of BRAIN FLAKES but Plaintiff established that it has been featured in national and international media along with its sales amounts. Discovery needs to be conducted.

---

[20] *Id.*
[21] *Virgin Enters., Ltd. v. Virgin Petroleum, Inc*., 2000 U.S. Dist. LEXIS 8100, *15.

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

## CONCLUSION

For the above-stated reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety and award Plaintiff all such relief the Court deems just and proper.

Alternatively, Plaintiff respectfully requests that the Court Order that the Parties conduct jurisdictional discovery.

Alternatively, or additionally, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend its Complaint to the extent necessary.

Respectfully submitted,

*/s/ Wendy B. Mills*

Wendy B. Mills
Texas Bar No. 24032861
**WB Mills, PLLC**
14275 Midway Road, Suite 130
Addison, TX 75001
Telephone: (214) 969-5995
Email: wbm@wbmillslaw.com
**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiff hereby certifies that a true and correct copy of the foregoing document was filed electronically by means of the Court's ECF system on October 29, 2019.

*/s/ Wendy B. Mills*
Wendy B. Mills

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**

**PLAINTIFF VIAHART, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT PLAYLEARN USA, INC.'S MOTION TO DISSMISS PLAINTIFF'S COMPLAINT**