IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| VIAHART, LLC,<br><br>       Plaintiff,<br><br> v.<br><br>ARKVIEW, LLC d/b/a MOO TOYS and d/b/a LEXIVON, et. al.,<br><br>       Defendants**.** | Case No. 6:19-cv-00406-JCB<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT PLAYLEARN USA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................ 1 | |
| II. | THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF .................................. 2 | |
| | A. | Plaintiff's Trade Dress Infringement Claims Should Be Dismissed With Prejudice (Counts IV and VI) ............................................................................ 2 |
| | B. | Plaintiff's Trademark Infringement and Unfair Competition Claims Are Incomprehensible (Counts I, II, VIII and IX) ........................................................ 3 |
| | C. | Plaintiff Has Abandoned Its Dilution Claims (Counts III and V) ........................... 4 |
| | D. | Plaintiff Still Fails to Identify Any Protectable Elements in Its Copyright (Count VII) ........................................................................................................ 5 |
| III. | PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF PERSONAL JURISDICTION ................................................................................................... 6 | |
| | A. | Plaintiff's Request for Jurisdictional Discovery Should Be Denied ...................... 9 |
| IV. | CONCLUSION .................................................................................................... 10 | |

i

# **TABLE OF AUTHORITIES**
Page(s)

**CASES**

*Applied Food Scis., Inc. v. New Star 21, Inc.*,
 No. W-07-CA-359,
 2009 U.S. Dist. LEXIS 132722 (W.D. Tex. Jan. 23, 2009) .......................................................7

*Car-Freshner Corp. v. Scentex, Inc.*,
 No. 88-CV-1247,
 1989 U.S. Dist. LEXIS 4853 (N.D.N.Y. May 4, 1989)..............................................................4

*Cunningham v. CBC Conglomerate LLC*,
 No. 4:17-CV-00793-ALM-CAN,
 2018 U.S. Dist. LEXIS 144401 (E.D. Tex. July 27, 2018).........................................................6

*Fielding v. Hubert Burda Media, Inc.*,
 415 F.3d 419 (5th Cir. 2005) ......................................................................................................9

*Guidecraft, Inc. v. OJCommerce, LLC*,
 No. 2:18-CV-01247,
 2019 U.S. Dist. LEXIS 84471 (W.D. Pa. May 20, 2019)...........................................................7

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
 213 F.3d 841 (5th Cir. 2000) ....................................................................................................10

*Kryptek Outdoor Grp., LLC v. Salt Armour, Inc.*,
 No. 1:15-cv-348,
 2016 U.S. Dist. LEXIS 182543 (E.D. Tex. Feb. 22, 2016) ........................................................6

*Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*,
 No. 4:11-cv-629-A,
 2012 U.S. Dist. LEXIS 4192 (N.D. Tex. Jan. 11, 2012) ..........................................................10

*Milo & Gabby LLC v. Amazon.com, Inc.*,
 693 F. App'x 879 (Fed. Cir. 2017) .............................................................................................8

*MyWebGrocer, LLC v. Hometown Info, Inc.*,
 375 F.3d 190 (2d Cir. 2004).......................................................................................................5

*N.Y. Pizzeria, Inc. v. Syal*,
 56 F. Supp. 3d 875 (S.D. Tex. 2014) .........................................................................................2

*Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*,
 783 F.3d 527 (5th Cir. 2015) .....................................................................................................5

*Pervasive Software, Inc. v. Lexware GMBH & Co. KG*,
 688 F.3d 214 (5th Cir. 2012) ..................................................................................................8

*PetEdge, Inc. v. Fortress Secure Solutions, LLC*,
 144 F. Supp. 3d 249 (D. Mass. 2015) .....................................................................................8

*Viahart, LLC v. Does*,
 No. 6:18-CV-604-RWS-KNM,
 2018 U.S. Dist. LEXIS 222341 (E.D. Tex. Dec. 7, 2018),
 *report and recommendation adopted*,
 2019 U.S. Dist. LEXIS 81768 (E.D. Tex., May 15, 2019) ......................................................9

*Walden v. Fiore*,
 571 U.S. 277 (2014) ............................................................................................................2, 8

*WorldVentures Holdings, LLC v. MaVie*,
 No. 4:18CV393,
 2018 U.S. Dist. LEXIS 209348 (E.D. Tex. Dec. 12, 2018) ...................................................10

**RULES**

Fed. R. Civ. P. 7(b) ........................................................................................................................10

**I.      INTRODUCTION**

As explained in Playlearn's Motion (Dkt. 11, "Motion"): (1) Plaintiff has failed to establish that Playlearn is subject to personal jurisdiction in this Court; and (2) Plaintiff's Complaint fails to state a claim for infringement or unfair competition.

As an initial matter, as a result of Playlearn's Motion, Plaintiff has abandoned its claims for trademark and trade dress dilution, thus simplifying this case.  This is not surprising—no reasonable party could believe that Plaintiff's trademarks are "famous" and Plaintiff should not have raised these claims in the first place.

With respect to its trade dress claim, Plaintiff now asserts that its purported "packaging" trade dress is comprised of seven different elements, including: "the BRAIN FLAKES brand name . . . prominently featured in green and purple lettering" and "an image of a tree." (Dkt. 18, ("Opp'n," at 5).  But Plaintiff still does not explain how the accused product, which is missing ***each of these seven elements***, could create confusion.  Plaintiff also concedes that its Complaint fails to allege facts in support of distinctiveness or non-functionality.

Plaintiff, likewise, concedes that its copyright claim is deficient and fails to explain how it could be salvaged by amendment.  As explained, the Complaint fails to identify the protectable elements of Plaintiff's works or attempt a side-by-side comparison with Playlearn's works, all of which are required to successfully plead a claim of copyright infringement.  Instead, Plaintiff offers nothing but more conclusory statements, e.g., Plaintiff "does not express any claims to ideas or concepts that is not copyrightable."  (Opp'n at 17).

With respect to personal jurisdiction, Plaintiff continues to assert that maintaining an e-commerce website or an Amazon storefront ***automatically*** subjects a party to nationwide jurisdiction. (Opp'n at 7–12).  But, irrespective of the nature of these websites, Plaintiff must

demonstrate "intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). Here, it is undisputed that Playlearn has not purposefully directed any activities (e.g., advertising) at Texas or its residents.

## II.     THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

### A.     Plaintiff's Trade Dress Infringement Claims Should Be Dismissed With Prejudice (Counts IV and VI)

As explained in Playlearn's Motion, Plaintiff's trade dress claims fail for at least four reasons. Specifically, the Complaint does **not**: (1) identify the purported trade dress with specificity; (2) allege facts to establish that the trade dress is protectable; (3) allege facts to establish that the trade dress is non-functional; or (4) allege facts to establish that Playlearn's accused trade dress creates a likelihood of confusion. (Mot. at 8–11).

Plaintiff's Opposition does not address arguments (2)-(4) at all. And, absent factual allegations regarding distinctiveness, non-functionality and confusion, Plaintiff's claim must be dismissed. *See N.Y. Pizzeria, Inc. v. Syal*, 56 F. Supp. 3d 875, 882 (S.D. Tex. 2014) (dismissing trade dress claim where complaint failed to allege "what makes [the alleged trade dress] distinctive and nonfunctional, and what infringes them.").

With respect to the first issue above (identification of the trade dress), Plaintiff now asserts that a description of its alleged trade dress is found in Paragraph 23 of the Complaint (and the other descriptions of the trade dress in its Complaint should be ignored). (Opp'n at 5). But a comparison of this alleged trade dress—which describes nothing more than a plastic bucket bearing Plaintiff's logo—confirms that there can be no likelihood of confusion. As shown below, *every element is missing from the accused product*:

| Element | Alleged Trade Dress Element | Playlearn's Product |
|---|---|---|
| 1 | Packaging: "yellow cap and round tub" | *No* |

2

| 2 | Front: "the BRAIN FLAKES brand name is prominently featured in green and purple lettering" | *No* |
|---|---|---|
| 3 | Front: "a red rectangle set against a white background" | *No* |
| 4 | Front: "two clusters of three (3) different sized construction pieces depicted thereon" | *No* |
| 5 | Front: "an image of a tree constructed [from construction pieces]" | *No* |
| 6 | Back: "a ribbon shaped banner" | *No* |
| 7 | Back: "three horizontally displayed circled examples of use of the construction pieces" | *No* |



**Playlearn Product**
**Dkt. 1-16 at 2**

Plaintiff's Opposition, like its Complaint, is completely silent as to how Playlearn's product could cause confusion. Moreover, slapping stickers onto a generic plastic container does not constitute protectable trade dress—this is why Plaintiff cannot allege distinctiveness or non-functionality. Accepting Plaintiff's claim as sufficient would mean that *every* manufacturer of packaged toys, food, household items, etc. could assert that they own trade dress and hail their competitors into court without cause. This is not (and should not be) the law.

    **B.**    **Plaintiff's Trademark Infringement and Unfair Competition Claims Are Incomprehensible (Counts I, II, VIII and IX)**

As explained in Playlearn's Motion, Plaintiff's trademark infringement claim is comprised of a single allegation: "PlayLearn infringed upon the famous BRAIN FLAKES trademark by using BRAIN FLAKES as a *search term* on Amazon." (Compl. ¶ 40).[1] But this statement makes no technical sense and, in all events, the Complaint does not contain any facts from which it could be inferred that Playlearn's actions created a likelihood of confusion as to source, affiliation, or

---

[1] All emphasis added unless otherwise indicated.

3

sponsorship.  (Mot. at 11).  Nor does the Complaint address any of the eight "digits of confusion," which are used to assess the likelihood of confusion.  (*Id.* at 11–12).

Plaintiff's response to these arguments, found on pages 17–19 of its Opposition, is difficult to follow.  To start with, Plaintiff does not dispute that the Complaint includes no factual support for its trademark infringement claims.  Nor does Plaintiff dispute that Playlearn's product listing and associated photographs prominently feature the PLAYLEARN Mark (Dkt. 1-16 at 2), thus, obviating any possible confusion.  *See Car-Freshner Corp. v. Scentex, Inc.*, No. 88-CV-1247, 1989 U.S. Dist. LEXIS 4853, at *21 (N.D.N.Y. May 4, 1989) ("the prominent display of the different brand names . . .would lead the consumer to believe the products were manufactured by different companies").

As best understood, Plaintiff now (incorrectly) contends that Playlearn used the term "Brain Flakes" as a "keyword" on Amazon.  But Plaintiff provides no factual support for this theory.  Plaintiff goes on to argue that Playlearn used this keyword "so much so that it was rewarded with the designation of 'Amazon's Choice for BRAIN FLAKES.'"  (Opp'n at 18).  This is pure fabrication.  As Plaintiff recognizes, Amazon's search results are unlike those provided by traditional search engines.  (Opp'n at 18).  Rather, Amazon uses "unique algorithms . . . in its marketplace."  (*Id.*).  The notion that Playlearn somehow commandeered Amazon's proprietary search algorithm is unsupportable and implausible.

Plaintiff's trademark infringement claims fail on their face and cannot be cured.  And, because unfair competition claims under the Lanham Act and state common law are governed by the same standard as those for trademark infringement, they should likewise be dismissed.

### C. Plaintiff Has Abandoned Its Dilution Claims (Counts III and V)

Playlearn's Motion seeks dismissal of Plaintiff's claims for trademark dilution and trade dress dilution (Counts III and V).  (Mot. at 12–14).  Plaintiff has not plausibly alleged that its

trademarks or alleged trade dress are famous, nor can it do so in good faith.  Plaintiff's Opposition does not address these claims.  Counts III and V should be dismissed with prejudice.

> **D.    Plaintiff Still Fails to Identify Any Protectable Elements in Its Copyright (Count VII)**

Playlearn contends that Plaintiff's copyright claim (Count VII) should be dismissed because Plaintiff: (1) fails to identify the purportedly protectable elements of its work; or (2) provide a side-by-side comparison with the accused works (i.e., to assess the "substantial similarity" requirement).  (Mot. at 14–16).  Plaintiff offers no coherent response.

With respect to the first issue—identification of protectable elements—Plaintiff points to its "product description" and states that "[t]here is originality in this language and Plaintiff does not make claims to any language that is not protectable."  (Opp'n at 16; *see also id.* at 17 ("Viahart does not express any claims to ideas or concepts that is not copyrightable.")).  These conclusory statements, which merely regurgitate the legal elements of a copyright claim, provide no useful information and do not allow the Court "to distinguish between protectable and unprotectable elements of the copyrighted work."  *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 550 (5th Cir. 2015).

Despite having weeks to ponder this issue, Plaintiff still cannot identify ***any*** protectable elements in its work.  This is not surprising—"product descriptions" are usually unprotectable because they typically comprise generic information (e.g., quantity, size, weight).  *See MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (affirming finding that "the product descriptions in issue were not sufficiently creative to be copyrighted").  The absence of protectable elements in Plaintiff's product description is further confirmed by its refusal to provide the "side-by-side comparison [that] ***must*** be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'"  *Nola Spice*

*Designs, L.L.C.*, 783 F.3d at 550 (internal quotation omitted). Plaintiff's copyright infringement claim should be dismissed. *See Kryptek Outdoor Grp., LLC v. Salt Armour, Inc.*, No. 1:15-cv-348, 2016 U.S. Dist. LEXIS 182543, at *7 (E.D. Tex. Feb. 22, 2016) (dismissing copyright claim where the "[plaintiff] has failed to identify the protectable elements of its works or attempt a side-by-side comparison with Defendant's works").

Plaintiff asserts that, "if the Court finds that it is necessary, Plaintiff will amend to clarify the facts and allegations set forth in its Complaint." (Opp'n at 15). However, Plaintiff does not explain what "facts and allegations" it intends to add to the Complaint to salvage its copyright claim. As such, leave to amend should be denied.

### III. PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF PERSONAL JURISDICTION

Playlearn contends that all claims should be dismissed because it does not have the requisite "minimum contacts" with Texas. (Mot. at 3–7). Specifically, Playlearn is a New York corporation and has no employees, office locations, or other presence in Texas. (Dkt. 11-2 at ¶¶ 3–10). It is undisputed that Playlearn has not purposefully directed any activities (e.g., advertising) at Texas or its residents. (*Id.* at ¶¶ 11–12). Plaintiff, likewise, does not dispute that the Complaint does not allege any facts regarding **Playlearn's** contacts with Texas or this District. (Mot. at 5). Instead, the Complaint's sole allegation with respect to personal jurisdiction impermissibly lumps together all the defendants. *See Cunningham v. CBC Conglomerate LLC*, No. 4:17-CV-00793-ALM-CAN, 2018 U.S. Dist. LEXIS 144401, at *16–17 (E.D. Tex. July 27, 2018) (granting motion to dismiss for lack of personal jurisdiction because "Plaintiff's pleadings lump all the named defendants, corporate and individual, together without any allegations of individualized conduct").

In response, Plaintiff asserts that jurisdiction over Playlearn is proper because Playlearn maintains an e-commerce website and has sold products through the Amazon marketplace. In this

6

regard, Plaintiff states, without explanation, that Playlearn's website is "interactive," but fails to offer any supporting facts. As Playlearn established, there were no sales of the accused products through Playlearn's website to a Texas resident. (Dkt. 11-2 at ¶ 15). Courts applying the *Zippo* test agree that simply maintaining an e-commerce website is insufficient to subject a party to nationwide personal jurisdiction. *See, e.g.*, *Guidecraft, Inc. v. OJCommerce, LLC*, No. 2:18-CV-01247, 2019 U.S. Dist. LEXIS 84471, at *13 (W.D. Pa. May 20, 2019) (rejecting plaintiff's argument that "Defendants should be subject to jurisdiction anywhere in the United States where customers can access and purchase from the[ir] [own websites] and Amazon websites, because they profit from the wide geographic reach of the internet."); *Applied Food Scis., Inc. v. New Star 21, Inc.*, No. W-07-CA-359, 2009 U.S. Dist. LEXIS 132722, at *13–14 (W.D. Tex. Jan. 23, 2009) ("Even in the strange realm of Internet-related contacts, the standard for personal jurisdiction remains that a non-resident defendant must have purposefully availed itself of the benefits and protections of the forum's laws such that it should reasonably anticipate being haled into the forum's courts.").

In *Applied Food Sciences*, the plaintiff—like Plaintiff here—argued that the defendants were subject to jurisdiction in Texas because they operated "interactive" websites that allowed for "actual sales." 2009 U.S. Dist. LEXIS 132722, at *12. The Court rejected that argument, explaining that, "regardless of the interactivity of the websites . . . , those allegations do not subject Defendants to jurisdiction in Texas" because "[n]o allegations or evidence suggest that any of the interactivity ***was directed towards*** or accessed by anyone in Texas." *Id.*

Plaintiff's arguments regarding the Amazon marketplace—besides being based ***entirely on inadmissible evidence and attorney argument***—suffer from the same deficiency. Under Supreme Court precedent, there must be "intentional conduct by the defendant that creates the necessary

7

contacts with the forum." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). Plaintiff argues that "Playlearn cannot hide behind Amazon in asserting that it did not direct any advertising, marketing or business toward Texas residents." (Opp'n at 10). But, here too, Plaintiff fails to explain how making an item available through Amazon constitutes intentional conduct directed towards Texas, let alone this District. Rather, Playlearn's Amazon storefront was accessible to ***all visitors in exactly the same way***, regardless of a visitor's physical location. Playlearn did not specifically direct advertising to Texas residents, by geographically-focused online marketing or otherwise. (Dkt. 11-2 at ¶ 12).

In support of its argument that Amazon sellers are automatically subject to nationwide jurisdiction, Plaintiff relies heavily on the *Milo & Gabby* case. But that case dealt with the issue of ***liability*** for infringement arising from sales on the Amazon platform. *Milo & Gabby LLC v. Amazon.com, Inc.*, 693 F. App'x 879, 886 (Fed. Cir. 2017). It has no bearing on the personal jurisdiction calculus. Under *Zippo*, "internet-based jurisdictional claims must continue to be evaluated on a case-by-case basis, focusing on the nature and quality of online and offline contacts to demonstrate the requisite purposeful conduct that establishes personal jurisdiction." *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 227 n.7 (5th Cir. 2012). With respect to the products sold by Playlearn through Amazon, Plaintiff has failed to allege any facts or cite any evidence to show that Playlearn targeted Texas or its residents. Thus, the facts at hand are readily distinguishable from those in the *PetEdge* case cited by Plaintiff. *PetEdge, Inc. v. Fortress Secure Solutions, LLC*, 144 F. Supp. 3d 249, 258 (D. Mass. 2015) (denying motion to dismiss in a patent case applying Federal Circuit law where "[t]here [was] ample evidence of Fortress's 'intentional conduct' directed toward Massachusetts. . . .").

Notably, Plaintiff does not address the fact that the same arguments that it advances here

regarding personal jurisdiction over Amazon sellers was rejected by this Court.  In *Viahart, LLC v. Does*, Plaintiff alleged, as it does here, that this Court had personal jurisdiction over numerous Amazon sellers because "[e]ach [seller] targets Texas residents and has offered to sell, . . . and has sold and continues to sell his/her products to consumers within the State of Texas."  No. 6:18-CV-604-RWS-KNM, 2018 U.S. Dist. LEXIS 222341, at *10 (E.D. Tex. Dec. 7, 2018).  The Court did not accept this argument and denied Plaintiff's request for an *ex parte* temporary restraining order because it had "serious concerns about whether it has personal jurisdiction over the [sellers], all of whom are allegedly located in foreign jurisdictions."  *Id.* at *9, *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 81768 (E.D. Tex., May 15, 2019).

For these reasons, and those stated in Playlearn's Motion, Plaintiff has failed to establish a prima facie case of personal jurisdiction.  All claims against Playlearn should be dismissed.

### A. Plaintiff's Request for Jurisdictional Discovery Should Be Denied

Recognizing that it has not pled or identified any facts that would support jurisdiction by the Court over Playlearn, Plaintiff requests "jurisdictional discovery." (Opp'n at 13).  But, before a court permits a party to conduct jurisdictional discovery, a plaintiff must make a "preliminary showing of jurisdiction" by "present[ing] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (internal citation and quotation omitted).  As discussed above, neither the Complaint nor Plaintiff's Opposition contain any factual allegations that, if accepted, establish that jurisdiction is proper.  *See id.* (affirming denial of jurisdictional discovery where "appellants have not made even a preliminary showing of jurisdiction").

Furthermore, a plaintiff seeking jurisdictional discovery must "identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:11-cv-629-A, 2012

U.S. Dist. LEXIS 4192, at *18 (N.D. Tex. Jan. 11, 2012) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). Plaintiff does not "identify the discovery needed" (e.g., the type and quantity of discovery). Plaintiff's request fails for this reason alone. *See* Fed. R. Civ. P. 7(b) (a motion must "state with particularity the grounds for seeking the order").

Plaintiff also "ha[s] not identified the factual allegations suggesting that requisite contacts exist, the facts they expect to obtain from discovery, or how this information may establish personal jurisdictional discovery." *WorldVentures Holdings, LLC v. MaVie*, No. 4:18CV393, 2018 U.S. Dist. LEXIS 209348, at *31–32 (E.D. Tex. Dec. 12, 2018). Plaintiff states only that it seeks discovery with respect to "Playlearn's **contacts and sales** with the State of Texas." (Opp'n at 13). In other words, Plaintiff does not know what it hopes to uncover and simply seeks a license to embark on a fishing expedition. Similarly vague requests have been denied by this Court. *WorldVentures*, 2018 U.S. Dist. LEXIS 209348, at *32–33 (denying request "to conduct jurisdictional discovery with respect to Defendants' activities in the State of Texas and Defendants' conduct of business in the State of Texas generally and as related to the subject matter of this civil action"). Here, it is undisputed that Playlearn has no contacts with Texas. Thus, Plaintiff's request should be denied. *See Mello Hielo Ice*, 2012 U.S. Dist. LEXIS 4192, at *19 (denying jurisdictional discovery because, "[w]hatever defendants expected to obtain . . . , they have failed to explain how it would assist the court in its jurisdictional determination").

**IV. CONCLUSION**

For the reasons set forth above, the Complaint should be dismissed in its entirety.

Dated: November 5, 2019								Respectfully submitted,

/s/ *Debby Gunter*
Debby Gunter (State Bar No. 24012752)
Eric H. Findlay (State Bar No. 00789886)
FINDLAY CRAFT, P.C.
102 N. College Avenue - Suite 900
Tyler, TX  75702
Tel: (903) 534-1100
Fax: (903) 534-1137
dgunter@findlaycraft.com
efindlay@findlaycraft.com

Mark Berkowitz (Admitted Pro Hac Vice)
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
(212) 336-8000
mberkowitz@arelaw.com

***Attorneys for Defendant Playlearn USA, Inc.***

## CERTIFICATE OF SERVICE

This is to certify that on November 5, 2019, all counsel of record were served with the foregoing document *via* CM/ECF and electronic mail.

*/s/ Debby Gunter*___
Debby Gunter

11