UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00406

**Viahart, LLC,**
*Plaintiff,*
v.
**Arkview LLC et al.,**
*Defendants.*

Before BARKER, *District Judge*

### ORDER

In its original answer and counterclaim (Doc. 4), defendant Playshire, LLC moved the court to dismiss the claims against it for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to transfer venue under 28 U.S.C. § 1404(a) or § 1406(a). Plaintiff responded, arguing that the motion should be stricken because it does not contain citations to authority and does not include any evidentiary affidavits in violation of Local Rule CV-7(b) and (c). Doc. 14.

The court turns first to Playshire's argument that venue is improper in the Eastern District of Texas. Section 1406 provides that the court shall dismiss "a case laying venue in the wrong division or district" or, if it be in the interests of justice, transfer the case to a proper division or district. 28 U.S.C. § 1406(a). Rule 12 provides the mechanism to raise such a defense. Fed. R. Civ. P. 12(b)(3). Local Rule CV-7 requires that "when allegations of fact not appearing in the record are relied upon in support of a motion, all affidavits and other pertinent documents shall be served and filed with the motion," and that "briefing shall contain . . . citation of authorities upon which the movant relies." LR CV-7(b) and (c).

Playshire alleges, on information and belief, that none of the defendants in this case are residents of the Eastern District

of Texas, that only two are residents of Texas at all, and that none have minimum contacts sufficient to establish personal jurisdiction in the Eastern District. Doc. 4 at 14-15. Furthermore, the acts and omissions giving rise to the case did not occur in the Eastern District. *Id*. These statements are unsupported by specific factual allegations about residence and evidence to support such allegations. Playshire further argues that it is subject to personal jurisdiction in the Northern District of Texas and that venue is proper there. *Id*. at 15.

Those assertions, unsupported by specific facts and without citation to authority, do not satisfy Local Rule CV-7. Moreover, while venue may be proper in another district, potentially the Northern District of Texas, Playshire has not shown that venue is *improper* in this district and, therefore, the court need not grant the motion. Without more, the court will not dismiss or transfer this action for improper venue.

As to a transfer for the convenience of the parties under 28 U.S.C. § 1404, Playshire's simple assertion that "transfer of this action to the Northern District of Texas is convenient to defendant" is not enough to persuade the court that such a transfer is warranted. Therefore, Playshire's motion (contained in Doc. 4) is **denied**.

*So ordered by the court on April 1, 2020.*

J. CAMPBELL BARKER
United States District Judge