UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00406

**Viahart, LLC,**
*Plaintiff,*
v.
**Arkview LLC et al.,**
*Defendants.*

Before BARKER, *District Judge*

## ORDER

This case arises from a dispute between manufacturers of certain engineering-type children's toys. Plaintiff alleges that defendants have infringed on its non-patent intellectual property related to the "Brainflakes" interlocking-disk toy.

Before the court are the following motions:

- Defendant PlayLearn USA, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) (for lack of personal jurisdiction) and 12(b)(6) (for failure to state a claim upon which relief may be granted) (Doc. 11), which was briefed through the reply (Docs. 18 & 19).

- Defendant Comfortscape LLC's motion to dismiss pursuant to Rule 12(b)(2) (Doc. 39), which was briefed through the sur-reply (Docs. 59, 65, & 69).

- Defendant Jesus Diaz Maso's motion to dismiss pursuant to Rule 12(b)(2) and 12(b)(6) (Doc. 40), which was briefed through the sur-reply (Docs. 60, 66, & 70).

- Finally, defendant Creative Kids Far East, Inc.'s motion to dismiss pursuant to Rule 12(b)(2) and 12(b)(6) (Doc. 58), which was briefed through the sur-reply (Docs. 62, 67, & 71).

For the reasons set forth below, the court **grants** the motions to dismiss on Rule 12(b)(2) personal-jurisdiction grounds. Accordingly, the court will not address the alternative failure-to-state-a-claim argument in those motions to dismiss. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231-32 (5th Cir. 2012).

## Background

Defendant PlayLearn is a New York corporation that does not maintain "any employees, office locations, or other presence in Texas" and does not engage in any advertising targeted specifically toward Texas residents, "by geographically-focused online marketing or otherwise." Doc. 11 at 6. It does operate its own e-commerce website and sell through Amazon.com Inc.'s e-commerce platform. Doc. 11-2. PlayLearn's sales through Amazon are "fulfilled by Amazon," meaning that Amazon stores the products in its facilities and "pick[s], pack[s], ship[s], and provide[s] customer service for [those] products." *Id.* It is unknown whether Amazon stored any of PlayLearn's products in Texas or performed any other fulfillment services in Texas. PlayLearn's only sales to Texas residents have been through Amazon. *Id*. PlayLearn argues that it cannot be automatically subject to the jurisdiction of this court simply because it operates an e-commerce site accessible in Texas and made some sales to Texas residents that were fulfilled by Amazon. Doc. 11 at 5-7.

Defendant Comfortscape is organized in Delaware. Doc. 65-1. Defendant Maso is a Florida resident and the president of Comfortscape. *Id*. Comfortscape, like PlayLearn, has no contacts with Texas other than its presence on Amazon's platform and sales through Amazon's fulfillment services. Doc. 39 at 4. Maso's only contacts with Texas are two personal trips and a layover in an airport. Doc. 40-1. Comfortscape argues that it cannot automatically be subject to the jurisdiction of this court simply because it uses Amazon's platform and fulfillment services. Doc. 39 at 4-5. Maso argues that he cannot

be subject to the jurisdiction of this court because of actions attributable to Comfortscape, even if those actions would subject Comfortscape to the jurisdiction of the court. Doc. 40 at 6-8.

Defendant Creative Kids is a New York corporation. Doc. 58 at 7. Creative Kids sells the product in question to another entity, "Creative Kids Online LLC," also based in New York, which sells the product to consumers and other businesses. *Id.* at 2-3. Creative Kids does no marketing, except through Amazon, and that marketing is not targeted to any particular state. *Id.* at 7. Creative Kids argues that it has no contacts with Texas that could subject it to the jurisdiction of this court.

With respect to PlayLearn, Comfortscape, and Maso, plaintiff argues that their presence on Amazon's platform and their sales to Texas residents through Amazon is sufficient to establish personal jurisdiction. Docs. 18 at 7-11; 59 at 5-10; & 60 at 5-9. Plaintiff makes the same argument as to Creative Kids but also attempts to argue, without citing authority, that Creative Kids' relationship with Creative Kids Online LLC subjects it to jurisdiction here. Doc. 62 at 5-6, 8-12.

**Legal Standard**

Federal courts follow the law of the forum state in determining the bounds of *in personam* jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). The Texas long-arm statute grants personal jurisdiction to the full extent allowed by federal due-process limits and, therefore, this inquiry becomes one of federal constitutional limits. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Due-process limitations dictate that a defendant is subject to personal jurisdiction only if it "has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Daimler AG*, 571 U.S. at 126 (cleaned up). This inquiry has two parts.

In the first part of the inquiry, the court must determine whether the defendant has purposefully availed itself of the privilege of conducting business in the forum state and of "the benefits and protections" of the forum's laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). If so, it is "presumptively not unreasonable to require [it] to submit to the burdens of litigation in that forum as well." *Id*. Specific jurisdiction, as opposed to general jurisdiction, exists where "the suit arises out of or relates to" the foreign defendant's "minimum contacts" with the forum. *Daimler AG*, 571 U.S. at 127. Thus, the focus of the analysis is on the relationship between the defendant, the forum, and the litigation. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). And this analysis involves three principles. First, the contacts must be those of the defendant itself, rather than the unilateral act of some third party, and those contacts must be with the forum state, rather than with persons in the forum state. *Id.* at 284-86. Second, the contacts must be purposeful, rather than random or fortuitous. *Id.* at 286 (citing *Burger King*, 471 U.S. at 475). Third, the defendant must seek some benefit or advantage by its contacts with the forum. *See Burger King*, 471 U.S. at 473-76.

In the second part of the inquiry, maintenance of the suit in the selected forum must comply with traditional notions of fair play and substantial justice. *Id*. at 476-78. The court need not analyze the second inquiry where the first inquiry fails.

The touchstone of the personal-jurisdiction analysis is whether the defendant "should reasonably anticipate being haled into court" in the forum, given its relevant conduct. *Id.* at 474. But foreseeability is not the ultimate concern and is constrained by the above framework and by the principle that jurisdiction is primarily a question of authority rather than fairness. *See J. McIntyre Mach., Ltd v. Nicastro*, 564 U.S. 873, 881-84 (2011). Thus, jurisdiction may only rest on the defendant's purposeful contacts that manifest its intention to submit

to jurisdiction. *Id.*; *Wilson v. Belin*, 20 F.3d 644, 648-49 (5th Cir. 1994).

The internet presents unique challenges in conducting a personal-jurisdiction analysis. But the same framework and rules apply, and each case must be analyzed independently for compliance with due process, taking into account all internet and non-internet contacts. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 226-27 (5th Cir. 2012). The Fifth Circuit has adopted the *Zippo* analysis to aid in evaluating internet-based contacts. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). *Zippo* created a sliding scale of internet contacts, starting at one end where a hypothetical defendant enters into contracts which "involve the knowing and repeated transmission of computer files over the internet." *Id*. This kind of defendant would be subject to specific jurisdiction for cases arising from those contacts. At the other end of the spectrum is a hypothetical defendant who maintains a "passive website that does nothing more than advertise." *Id.* Such a defendant would not be subject to specific jurisdiction in the forum. For cases in the middle ground, "the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the website." *Id*.

Technological advances and the internet have "alter[ed] the landscape of personal jurisdiction." But "technology cannot eviscerate the constitutional limits" of a court's power to exercise jurisdiction over a defendant. *J-L Chieftain, Inc. v. W. Skyways, Inc.*, 351 F. Supp. 2d 587, 593 (E.D. Tex. 2004) (citing *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002)). Thus, "even in the strange realm of internet-related contacts, the standard for personal jurisdiction remains that a non-resident defendant must have purposefully availed itself of the benefits and protections of the forum's laws." *Applied Food Scis., Inc. v. New Star 21, Inc.*, No. W-07-

CA-359, 2009 WL 9120113, at *4 (W.D. Tex. Jan. 23, 2009) (citing *Burger King Corp.*, 471 U.S. at 474). As a result, courts have held that *Zippo* is not a replacement for the traditional analysis, but rather a supplement. *Vitamins Online v. Dynamic Inds.*, No. 2:13-cv-665, 2014 WL 545864, at *2 (D. Utah Feb. 10, 2014) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1242 n.5 (10th Cir. 2011)); *see also Pervasive Software Inc.*, 688 F.3d at 227 n.7.

The court is therefore conscious that in applying the traditional analysis, supplemented by *Zippo*, it must "ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011). The defendant must somehow purposefully target the forum state. *Id.* (collecting cases); *Pervasive Software Inc.*, 688 F.3d at 227-28; *Guidecraft, Inc. v. OJCommerce, LLC*, No. 2:18-cv-1247, 2019 WL 2373440, at *5 (W.D. Pa. May 20, 2019) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003)).

Where, as here, the court does not hold an evidentiary hearing, the plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). The court need not constrain its inquiry to the pleadings and may consider the record. *Id.* Plaintiff's jurisdictional allegations must be taken as true, and conflicts of facts in the record must be resolved in favor of plaintiff, but that does not mean that a prima facie case has automatically been presented. *Id.*; *Wilson*, 20 F.3d at 648. Furthermore, the court need not credit conclusory allegations, even when uncontroverted. *Applied Food Scis.*, 2009 WL 9120113, at *2 (citing *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001)).

### Discussion

Plaintiff's jurisdictional statement, as to personal jurisdiction, is as follows:

> This Court may properly exercise personal jurisdiction over Defendants, as each of the Defendants direct business activities toward and conduct business with consumers throughout the United States, including Texas residents through their respective websites and/or their respective online marketplace accounts, including without limitation, their Amazon accounts identified in Schedule A attached hereto (collectively, "Defendants' Internet Stores"). Further, Defendants operate or have operated interactive Internet Stores through which, Texas residents can purchase products bearing counterfeit versions of Viahart's trademarks.

Doc. 1 at 4-5.

Having reviewed the briefing and exhibits, the court has identified the following potential contacts: (1) the maintenance of e-commerce platforms, including use of Amazon's platform (as to PlayLearn and Comfortscape); (2) the use of Amazon's fulfillment services (as to PlayLearn and Comfortscape); (3) serving as the owner or officer of an entity potentially subject to jurisdiction (as to Maso); and (4) sales to a related, but distinct, entity that, in turn, has contacts with Texas (as to Creative Kids). The court examines each in turn.

### A. Defendants PlayLearn and Comfortscape

PlayLearn argues that plaintiff attempts to establish jurisdiction over every defendant in every state merely by virtue of each defendant's e-commerce sites, which are equally accessible and usable from anywhere in the country. *See generally* Doc. 11. In support of its motion, PlayLearn provided the declaration of its director of operations, Gabriel Newhouse. Doc. 11-2. That declaration states, in relevant part, that the product in question was available for sale on PlayLearn's own e-commerce website and on Amazon's e-commerce platform. *Id.* at 2. Importantly, sales to Texas residents were only made

through Amazon and were "fulfilled by Amazon," meaning that Amazon stored the product in Amazon's facilities and "picked, packed, shipped, and provided customer service for th[ose] products." *Id.* at 2-3. As noted above, it is unknown whether Amazon performed any of those functions in Texas.

Comfortscape argues that it has no contacts with Texas other than its presence on Amazon's e-commerce platform and sales fulfilled by Amazon, and that those contacts are insufficient to establish personal jurisdiction. Doc. 39 at 4.

Plaintiff argues that PlayLearn and Comfortscape cannot hide behind Amazon because Amazon is merely an agent acting on their behalf. Docs. 18 at 7-10 & 59 at 6-9. Plaintiff argues, without pointing to any specific evidence, that the product must have been stored in an Amazon warehouse located in Texas and that the fulfillment services were performed in Texas. Plaintiff attempts to distinguish PlayLearn and Comfortscape's cited authorities but spends less time explaining why using Amazon's platform and fulfillment services constitutes an intentional contact with Texas. Plaintiff cites almost no authority to support its own arguments, and its arguments are unclear and unhelpful in relation to the legal framework at play and in relation to PlayLearn and Comfortscape's arguments and authorities.

The Fifth Circuit places particular emphasis on the intentionality of contacts made over the internet. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 227-28 (5th Cir. 2012) ("In many cases where specific jurisdiction is unconstitutional, it is not because the defendant's contacts with the forum are 'insufficient;' after all one may be enough. Often the difficulty is not the lack of contacts but rather that such contacts that exist do not count because they have not been established purposefully by the defendant."). Therefore, "website interactivity is important only insofar as it reflects commercial activity, and then only insofar as that commercial activity demonstrates purposeful targeting of residents of the forum

state or purposeful availment of the benefits or privileges of the forum state." *Id*. at 228 (quoting *Shamsuddin v. Vitamin Research Prods.*, 346 F. Supp. 2d 804, 813 (D. Md. 2004)).

The court is persuaded that "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Guidecraft, Inc. v. OJCommerce, LLC*, No. 2:18-cv-1247, 2019 WL 2373440, at *5 (W.D. Pa. May 20, 2019) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003)). That was the rationale and holding in *Pervasive Software*, though less clearly stated. 688 F.3d at 226-28. The *Guidecraft* case, like the instant case, dealt with a defendant that maintained its own e-commerce website and also sold products through Amazon. 2019 WL 2373440, at *1. The court finds the analysis in that case persuasive. Here, plaintiff fails to identify any intentional contacts with the forum that go beyond use of the generally accessible Amazon e-commerce platform.

Plaintiff attempts to distinguish *Guidecraft* by arguing that that case did not involve the use of Amazon's fulfilment services. The court is unpersuaded. The Fifth Circuit has held that it "is unreasonable to expect that, merely by utilizing servers owned by a [Texas]-based company, [a foreign defendant] should have foreseen that it could be haled into a [Texas] court and held to account for the contents of its website." *GreatFence.com, Inc. v Bailey*, 726 Fed. App'x 260, 261 (5th Cir. 2018) (quoting *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)). In *GreatFence*, the defendant did not have any role in selecting the location of the servers, and the "administration, maintenance, and upkeep" of the website had occurred outside Texas. *Id*.

In this case, PlayLearn and Comfortscape similarly cannot control where Amazon stores their products or location where any of the other fulfillment services are performed. Clearly, PlayLearn and Comfortscape chose to list their products on Amazon's e-commerce platform simply to "profit

from the wide geographic reach of the internet," which is not enough to subject them to personal jurisdiction in any state where the internet may reach. *Guidecraft*, 2019 WL 2373440, at *5. Furthermore, the fact that Amazon possesses capacity to fulfil and ship orders to any of the 50 states further undermines the idea that PlayLearn and Comfortscape's use of Amazon's platform and services is focused in a meaningful sense on Texas. So PlayLearn and Comfortscape's use of Amazon's services cannot establish jurisdiction.

Neither can Amazon's actions be attributed to them to establish jurisdiction. The actions of an agent, but not the actions of an independent contractor, may subject the principal to personal jurisdiction. *O'Quinn v. World Indus. Constructors, Inc.*, No. 95-40258, 1995 WL 581830, at *2 (5th Cir. Sep. 19, 1995). It is established in Texas that "in order for a principal-agent relationship to be established, the principal must have the right to control both the means and the details of the process by which the agent accomplishes the actions at issue." *Id*. Here, the use of Amazon's fulfillment services establishes, at best, independent-contractor relationships. So Amazon's actions cannot subject PlayLearn or Comfortscape to jurisdiction in this forum.

Plaintiff cited *Milo & Gabby LLC v. Amazon.com, Inc.*, 693 Fed. App'x 879 (Fed. Cir. 2017), for part of its argument. That case had nothing to do with personal jurisdiction and is therefore inapplicable and unpersuasive. That portion of plaintiff's argument, like much of plaintiff's response, simply muddied the waters and conflated issues. Plaintiff also cited to *PetEdge, Inc. v. Fortress Secure Sols., LLC*, 144 F. Supp. 3d 249 (D. Mass. 2015). But that case was a patent infringement case, subject to the Federal Circuit's standard for personal jurisdiction arising from patent infringement. *Id*. at 252. The court finds the reasoning there distinct from the applicable law of the Fifth Circuit in this non-patent case. Similarly, plaintiff cited *Otter Prods. v. Cloudseller, LLC*, No. 19-cv-630, 2019 U.S. Dist. LEXIS

224515 (D. Colo. Dec. 3, 2019). Again, the court finds the reasoning and holding in that case to be unpersuasive under the applicable Fifth Circuit case law.

The court is not persuaded that use of Amazon's fulfillment services is a sufficiently intentional contact with Texas. Furthermore, the court is not persuaded that the sale of product to Texas residents through Amazon's platform is anything more than the fortuitous result of that platform's global presence. Finally, PlayLearn and Comfortscape's maintenance of their own presences on the Amazon e-commerce platform, which took place outside Texas and was not targeted intentionally toward Texas, is also insufficient to confer jurisdiction in Texas. Plaintiff has pointed to no other potential contacts in support of jurisdiction. Therefore, the court finds that it lacks personal jurisdiction over PlayLearn and Comfortscape.

**B. Defendant Maso.**

Defendant Maso argues that he has no contacts with Texas that could subject him to personal jurisdiction in this court. Doc. 40 at 6. He further argues that he cannot be subjected to jurisdiction here simply because of the actions of his co-defendant Comfortscape. *Id*. at 6-7. He states that there is no reason to attribute Comfortscape's actions to him, even though he is president of the company, and that even if those actions could be attributed to him, they are insufficient to subject either Comfortscape or himself to jurisdiction. *Id*.

Plaintiff repeats its argument made as to PlayLearn and Comfortscape. Doc. 60 at 5-9. Plaintiff also disputes Maso's arguments regarding difference between his liability for Comfortscape's actions and his liability for his own actions, and about the possible need for an amendment to the complaint to clarify the allegations against Maso. *Id*. at 12-13.

The court need not analyze Maso's possible liability under any theory. Maso has no contacts of his own with this forum state that would subject him to jurisdiction here. And, regardless of whether Comfortscape's actions could be attributed to

him, those contacts are insufficient to subject either Comfortscape or Maso to jurisdiction here, as discussed above. Therefore, the court finds that it lacks personal jurisdiction over Maso.

### C. Defendant Creative Kids.

Creative Kids argues that it has no contacts with Texas that could support an exercise of jurisdiction. Doc. 58 at 5-8. In support of its argument, Creative Kids provided the declaration of Yisroel Schriber, its "director of e-commerce." Doc. 58-1. According to that declaration, Creative Kids does no marketing except on Amazon, and that marketing is not directed to any particular state. *Id.* at 2. Its only sales of the relevant product are to a related but distinct entity, Creative Kids Online LLC ("CK Online"), which is organized and located in New York. *Id.* at 2-3. Plaintiff's own evidence shows that both of these entities are properly registered in New York and are distinct. Docs. 62-8 & 62-9. CK Online operates its own e-commerce website and "makes sales to other online entities" such as Amazon and Ebay. Doc. 58-1 at 2-3.

Plaintiff again repeats its argument about e-commerce and Amazon's fulfillment services, despite Creative Kids' evidence that it does not make any sales online or use Amazon's fulfillment services. Doc. 62 at 8-12. Plaintiff also makes vague, confusing, and irrelevant arguments about the tradename under which CK Online markets and sells the product in question and about the internet domain name used by CK Online. *Id.* at 5-6. Plaintiff also consistently treats the two entities as being the same. It may be that this is an attempt to argue that Creative Kids and CK Online should be treated as alter-egos. But plaintiff provided no authority for this argument in its response and did not provide a clear statement of how the entities are allegedly acting as alter egos. Nor did it provide any authority to show that an alter-ego theory can establish personal jurisdiction. Moreover, a defendant "may permissibly structure his primary conduct so as to avoid

being haled into court in a particular state." *Stuart v. Spademan*, 772 F.2d 1185, 1190 (5th Cir. 1985) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Plaintiff submitted a number of exhibits with its response, only one of which actually has to do with this defendant's contacts with Texas. That was a bill of lading, showing that Creative Kids shipped "toys and craft kits" to a buyer in Texas. Doc. 68-4. However, this document does not contradict Creative Kids' declaration, as it does not show or even indicate that the product in question in this case was actually part of that shipment. Accordingly, this exhibit cannot support an exercise of specific jurisdiction because it does not create a connection between the defendant, the forum, and the litigation.

Plaintiff did cite two authorities on its "alter-ego" argument in its sur-reply. Doc. 71 at 5. But neither of those cases had anything to do with personal jurisdiction. Instead they are cases regarding liability under Texas law. *See Bell Oil & Gas Co. v. Allied Chem. Corp.*, 431 S.W.2d 336 (Tex. 1968); *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444 (Tex. 2008). Therefore, plaintiff's argument is not persuasive.

In sum, the court cannot accept attorney argument as evidence and attorney argument cannot create a conflict of facts to be resolved in the plaintiff's favor. Plaintiff has not made a *prima facie* showing of jurisdiction, and the court finds that it lacks personal jurisdiction over Creative Kids.

## Conclusion

Plaintiff made an identical request for jurisdictional discovery in each of its responses. Docs. 18 at 13, 59 at 11-12, 60 at 11, & 62 at 14-15. But to be entitled to that kind of discovery, a plaintiff must make a preliminary showing of jurisdiction that "suggest[s] with reasonable particularity the possible existence of the requisite contacts." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc.*, 318 F.3d at 456). Here, plaintiff has not made such a *prima*

*facie* showing of jurisdiction and has not made the kind of preliminary showing required to obtain discovery. None of plaintiff's assertions or exhibits show "with reasonable particularity" the possible existence of any contacts other than those discussed and rejected in this order. Moreover, parties seeking jurisdictional discovery must "identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:11-cv-629, 2012 WL 104980, at *7 (N.D. Tex Jan. 11, 2012) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). Plaintiff did not provide that key information, and so the court will not exercise its discretion to grant discovery. *Id.*

The motions to dismiss made by defendants PlayLearn USA, Inc.; Comfortscape LLC; Jesus Diaz Maso; and Creative Kids Far East, Inc. (Docs. 11, 39, 40, & 58) are **granted**. All claims against those defendants are **dismissed without prejudice**, and those defendants shall be **terminated**.

*So ordered by the court on August 20, 2020.*

J. CAMPBELL BARKER
United States District Judge