IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VIAHART, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CHICKADEE BUSINESS SOLUTIONS, | § | CASE NO. 6:19-CV-00406-RWS |
| LLC d/b/a FOX AND GRAPES, JASON | § | |
| ROTHBART d/b/a JARRBY, RONALD | § | |
| ALMAGNO d/b/a JARRBY, MICHAEL P. | § | |
| DAHLBERG d/b/a LEARNING TOYS 4 | | |
| U, and IPLAY ILEARN, INC., | | |
| | | |
| *Defendants.* | | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket No. 122), recommending Plaintiff's Amended Motion for Entry of Final Default Judgment (Docket No. 111), be granted in part.[1] This motion was referred to United States Magistrate Judge K. Nicole Mitchell in accordance with 28 U.S.C. § 636. After ordering supplemental briefing and holding an evidentiary hearing, the Magistrate Judge entered her Report recommending granting Plaintiff's motion in part. *See* Docket No. 122. In the Report, the Magistrate Judge ordered Viahart to serve the Report on the defaulting defendants and interested third parties. *Id.* at 35. Viahart timely complied with that instruction. *See* Docket No. 125.

Subsequently, Joel D. Baily, General Manger for Defendant Chickadee Business Solutions LLC d/b/a Fox and Grapes ("Fox and Grapes'") filed a letter, docketed as an objection, in response

---

[1] This case is primarily a Trademark Infringement/Counterfeit case involving federally registered trademarks with the United States Patent and Trademark Office ("USPTO") for BRAIN FLAKES and VIAHART. Docket No. 111. Plaintiff alleges that all Defendants have sold counterfeit versions of Viahart's BRAIN FLAKES products and certain Defendants have co-opted Viahart's original copyrighted material and trade dress to promote these counterfeit products. *Id.*

thereto. *See* Docket No. 129.[2] Then Defendant Michael P. Dahlberg d/b/a Learning Toys 4 U filed an Emergency Motion for Leave to File and Extend Deadline to File Defendant's Objections to Magistrate's [Judge's] Report and Recommendation. Docket No. 131. Plaintiff subsequently filed a Notice of Settlement as to Defendant Dahlberg. Docket No. 137.

The Court hereby adopts the Report and Recommendation of the Magistrate Judge (Docket No. 122) as the findings and conclusions of this Court.

## BACKGROUND

Following the Notice of Settlement, the Magistrate Judge entered an order staying the case as to Defendant Dahlberg only. Docket No. 139. The undersigned then issued an order granting Plaintiff's and Defendant Dahlberg's Joint Motion to Approve Consent Judgment (Docket No. 142) and entered a consent judgment and permanent injunction. Docket No. 144. Therefore, Plaintiff's Motion (Docket No. 111) and the Report (Docket No. 122) are moot as to Defendant Dahlberg.

As to Defendant Fox and Grapes, the Magistrate Judge ordered Plaintiff and Fox and Grapes to meet and confer regarding Plaintiff's motion (Docket No. 111) and Defendant's letter (Docket No. 129), and set the matter for hearing. Docket No. 130. In its notice filed prior to the hearing, Plaintiff argued that because Fox and Grapes was properly served, it waived its right to answer or argue any defenses. Docket No. 132. At the hearing, Plaintiff's counsel appeared, but a representative for Fox and Grapes did not appear. Docket No. 136. The Magistrate Judge noted that the filing of a letter on the record is sufficient to constitute an appearance and extended the objections period for Fox and Grapes. Docket No. 136. The Magistrate Judge also ordered Fox

---

[2] A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3).

and Grapes to obtain counsel under the Fifth Circuit's clear rule that a corporation as a fictional legal person can only be represented by licensed counsel. *Id.* (citing *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam)). After considering Fox and Grapes' letter and Plaintiff's response (Docket No. 132), the Magistrate Judge ordered Plaintiff to show cause as to why she should not withdraw her Report and Recommendation (Docket No. 122), as to Fox and Grapes only. Docket No. 143. Plaintiff timely filed its response. Docket No. 145. In its response, Plaintiff asserts that good cause does not exist for the Court to withdraw its Report. Docket No. 145 at 2. Plaintiff argues that Fox and Grapes' default was willful, that setting aside the Report would prejudice Plaintiff, and asserts that Fox and Grapes did not present a meritorious defense. *Id.* To date, Fox and Grapes has not appeared through counsel or otherwise filed notice with the Court.

## DISCUSSION

To determine whether a defendant has shown good cause, courts examine three nonexclusive factors: (1) "whether the default was willful;" (2) "whether setting it aside would prejudice the adversary;" and (3) "whether a meritorious defense is presented." *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). In its *pro se* letter, Fox and Grapes alleges that the Report and Recommendation (Docket No. 122) is the first mail that it has received in this matter, and that it is unsure of the cause of the allegations against it. Docket No. 129. Fox and Grapes states that it is a "small liquidation reseller," and that it is unfamiliar with Plaintiff's product. *Id.* Fox and Grapes submits that while it may have at one time listed Plaintiff's product on its website, it "would have used an image and description obtained from a public source such as Amazon or eBay." *Id.* Fox and Grapes further asserts that it made zero sales of Plaintiff's product, "Brain Flakes," and that Fox and Grapes did not counterfeit or make any attempt to

represent the "VIAHART" brand as its own. *Id.* Finally, Fox and Grapes asserts that it only sold Plaintiff's products for approximately "45" days in "November/December 2018" and that after that date any "associated images were purged from [its] website." *Id.*

Fox and Grapes has not shown good cause for the Court to set aside the default judgment. The Magistrate Judge's Report noted that Fox and Grapes was properly served process *in-person* through its registered agent, as evidenced by the process server's affidavit. *See* Docket No. 122 at 8; Docket No. 132-3. Further, Fox and Grapes has failed to make an appearance by and through counsel as ordered by the Court or submit any sworn testimony that it was not served. *See* Docket No. 136. Thus, Fox and Grapes' assertion that it is unaware of the cause of the allegations against it because the Report is the first *mail* that it received lacks merit, and Fox and Grapes' default appears to be willful. Likewise, Fox and Grapes has failed to offer credible evidence to substantiate its claims of non-liability.

Conversely, Plaintiff filed sworn affidavit evidence of Fox and Grapes' business practices, prior solvency, and continued use of "Brain Flakes." *See* Docket No. 145-1. In its *pro se* letter, Fox and Grapes claims to be a "small liquidation reseller" that only sold Plaintiff's products briefly. However, as evidenced by Plaintiff's exhibits, Fox and Grapes represented itself as a marketing company that operated in several different industries and "generated $828,309 in sales." *See Mills Decl.*, Docket No. 145, Exhibit 3. As to Fox and Grapes' unsubstantiated claim that Plaintiff's images were purged from its website after December 2018, Plaintiff's counsel previously submitted evidence of Fox and Grapes' use of "Brain Flakes" as recently as June 2021. *See* Docket No. 121, Exhibit 11. Fox and Grapes' assertion is not persuasive. Finally, Plaintiff asserts that setting aside the Report would prove prejudicial to Viahart. *See* Docket No. 145 at 2. Plaintiff argues it would be left without recourse as to Fox and Grapes, that Fox and Grapes should

4

not be "rewarded for refusing to defend against the lawsuit," and that "other counterfeiters will see the case and emulate Fox and Grapes' bad behavior. . ." *Id.* at 2–3. The Court agrees. Fox and Grapes was properly served and therefore, had notice of the claims against it. The Magistrate Judge afforded Fox and Grapes several opportunities to present a meritorious defense by and through counsel, but Fox and Grapes did not comply with the Court's order or otherwise respond.[3] Therefore, there is no factual basis in the record for the Court to set aside a default judgment.

## CONCLUSION

The Court has conducted a careful *de novo* review of the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge (Docket No. 122) is correct, and that Fox and Grapes' assertions are without merit. It is therefore,

**ORDERED** that the Report of the Magistrate Judge (Docket No. 122) is **ADOPTED** as the opinion of the District Court. As discussed above, the Motion and Report are **MOOT** as to Defendant Dahlberg. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Default Judgment (Docket No. 111) is **GRANTED-IN-PART**.

---

[3] *See F.M.D. Holdings, LLC v. Regent Fin. Corp.*, No. 5:20-CV-269-H, 2021 WL 5883136, at *6 (N.D. Tex. Dec. 10, 2021) ("Some courts have found default judgment to be the appropriate remedy when a corporation fails, after a court warning, to retain counsel."); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, 2009 WL 424326, at *1 (S.D. Tex. Feb. 19, 2009) (Rosenthal, J.) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

**So ORDERED and SIGNED this 27th day of April, 2022.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE